CONSIDER BUSHEE and others v. LEWIS M. SURLES and others.

*Practice—Discretionary Power—Reference—Amendment—Interest.*

1. It is not error for the Court below to set aside a reference for the statement of an account, after the report has been made and excep—

tions filed, and proceed to try the case ; such action is a matter of discretion and not reviewable by this Court.

2. Nor, in such case, is the exercise of the discretionary power of the Court below in refusing to allow the defendants to amend their answer, reviewable by this Court.

3. In an action by heirs-at-law against an administrator when the final account of the administrator showed a net balance in his hands due the 1st of Dec. 1858 ; *Held,* that the defendant is liable for interest from that date, it being more than two years from the death of the intestate and no reason appearing why the amount should have remained in his hands.

CIVIL ACTION, tried at Spring Term, 1878, of HARRNETT Superior Court, before *Moore, J.*

The principle facts appear in same case, 77 N. C., 62, and those material to the points now decided by this Court are stated in its opinion.   Judgment for plaintiffs.   Appeal by defendants.

*Messrs. T. H. Sutton* and *Alex'r. Graham,* for plaintiffs.
*Messrs. N. McKay* and *Guthrie & Carr,* for defendants.

FAIRCLOTH, J.   This cause was referred for the statement of an account at Fall Term, 1877, and the referee filed his report at the next term of the Court.  The defendants filed exceptions to the report, and on plaintiff's motion His Honor set aside the reference and proceeded to try the case. The defendants urged that the Court had no authority at that stage of the matter to set aside the order of reference. We think he did have the power, and that the exercise of his discretion in regard thereto is not reviewable in this Court, as it is in a certain class of references under C. C. P.

The defendants then moved to be allowed to amend their answer, so as to present an issue not then raised by the pleadings, which was refused.   This we think was a matter of discretion and not appealable.   The cause has been in

this Court once before—77 N. C. 62—after it had been submitted to trial on its merits below, and we fail to discover from any part of the record in either Court that the defendant is injured by the refusal to allow him such amendment.

The plaintiff then introduced a county court judgment against the defendant for the amount now claimed, and moved for judgment accordingly. His Honor held that there was no issue presented by the pleadings for the jury and gave judgment for the balance due—$699,93,—with interest from 1st day of December, 1858. In this we perceive no error.

The defendant, however, insisted that the judgment is erroneous, in that it allows interest from December 1st, 1858, instead of April 5th, 1870. The record now before us is not as complete as good practice requires, but we extract the following facts as pertinent to the question of date of interest:—

Sometime in 1857 the defendant as administrator of Patience Bushee recovered the county court judgment referred to, and in May 1858, the collection of the same in part was restrained by a Court of Equity. What further proceedings were had under the injunction does not appear. The above judgment is the basis of the present claim. In this action the plaintiffs allege in their complaint that the defendant, L. M. Surles, in 1870, filed his final account as administrator as aforesaid, with the Judge of Probate in said county, "showing a net balance in his hands due the 1st of December, 1858," and this allegation is not denied by the answer, but substantially admitted. Upon these facts it is clear that the defendant is liable for interest from that date, it being two years or more from the death of the intestate, and no reason appearing why the amount should

remain in the administrator's hands. Let judgment be entered here for the plaintiffs.

No error.

PER CURIAM.                              Judgment affirmed.