W. T. WORTHINGTON et al. *v.* SIMON COWARD et al.

*Drainage of Lowlands—Report of Commissioners—Power of Clerk to Hear Testimony or Re-refer to Commissioners—Discretion of Judge.*

1. Chapter 253, Acts of 1889, concerning the drainage of lowlands, does not expressly repeal section 1298 of *The Code* providing for the duty of commissioners, but leaves in operation such of the provisions as are not repugnant to such Act of 1889.

2. Upon the hearing of the report of commissioners appointed to lay off a ditch for draining lowlands it was error in the Clerk to refuse to hear witnesses offered by parties excepting to the report, on the ground that he could not legally do so.

3. On appeal from the judgment of the Clerk upon the report of commissioners appointed to lay off ditch for drainage of lowlands the Judge could set aside the report either for cause or in his discretion, if, in his opinion, the ends of justice could be subserved by that course.

This was a SPECIAL PROCEEDING, before John W. Blount, Clerk of the Superior Court of GREENE County, for drainage of lowlands.

Upon the coming in of the report of the committee appointed and sworn to lay off said ditch or canal John Patrick, Gatling Ormond, L. G. Rouse, Calvin Allen and Simon Coward excepted to the report of the committee. But upon the hearing before the Clerk, on the 15th day of September, 1893, the Clerk overruled these exceptions and entered the following order or judgment:

"This cause coming on to be heard upon the report of the committee and the exceptions thereto filed by the following parties to this proceeding, viz., John Patrick, Gatling Ormond, L. G. Rouse, Calvin Allen and Simon Coward, who objected to the confirmation of the report, the said

19

parties so objecting offer to prove to the Court, by sworn testimony, the facts set forth in their written exceptions as ground for setting aside the report. The Court, being of opinion that it cannot legally hear the proof and testimony so offered, it being solely a matter for the committee, refuses to hear the same and finds that there is sufficient matter found by said committee to enable the Court to proceed to judgment. Thereupon it is adjudged that the exceptions aforesaid be overruled and that the said report be and is in all respects confirmed. It is further ordered and adjudged that the ditch mentioned in the petition and laid off by the said committee be dug and made as recommended by said committee.                     JOHN W. BLOUNT,
                              " *Clerk Superior Court.*"


To the foregoing judgment John Patrick, Gatling Ormond, L. G. Rouse, Calvin Allen and Simon Coward excepted, and asked for an appeal to the Judge holding the Superior Courts of this district.

Upon the hearing before *Bryan, J.,* at November Term, 1893, of the Superior Court of GREENE County, of the appeal from the judgment of the Clerk, his Honor reversed the judgment of the Clerk and remanded the cause to the Clerk for further proceeding; to which judgment and ruling the plaintiffs W. T. Worthington and all other parties to this proceeding, save John Patrick, Gatling Ormond, L. G. Rouse, Calvin Allen and Simon Coward, excepted and appealed.

*Mr. George M. Lindsay,* for plaintiffs (appellants).
*Mr. Swift Galloway,* for defendants.

AVERY, J.: The late statute (Laws 1889, ch. 253) does not in terms repeal section 1298 of *The Code,* and there-

fore leaves in operation such of its provisions as are not repugnant to the subsequent enactment. The Clerk, upon the hearing of the report of the commissioners appointed to lay off the ditch described in the petition, on exceptions filed thereto by four of the petitioners, declined to hear evidence offered by said parties on the ground that he could not "legally hear the proof and testimony so offered, it being a matter for the committee," and that there was sufficient matter found by said committee to enable the Court to proceed to judgment. It seems to us that this report is to be treated, for some purposes at least, just as that of a referee made to the Superior Court would be. *Railroad* v. *Phillips*, 78 N. C., 50; *Railroad* v. *Parker*, 105 N. C., 249. But, in any view of the question, the Judge had the same power as if the report had been submitted directly to him, and might, without explicit authority conferred by the statute, set it aside either in his discretion or for cause. *Skinner* v. *Carter*, 108 N. C., 108; *Bushee* v. *Surles*, 79 N. C., 51. The report being submitted directly to the Clerk, acting for the Court, he had the power to re-refer the matter to commissioners for a fuller report, upon the ground that it was in his opinion not sufficiently full as to the dimensions of the ditch, the benefits to the parties, or the area of drainage to enable him to pass upon the objections to it intelligently. He might, in the exercise of a sound discretion, have heard or declined to hear affidavits or evidence offered only for his own enlightenment, but it was error to refuse to hear the witnesses on the ground that he was not authorized by law to do so. *Hanes* v. *Railroad*, 109 N. C., 492; *Skinner* v. *Carter*, *supra*. Having waived all claim, if any existed, to a trial by jury when no objection was made to the appointment of commissioners, the parties whose lands were condemned had a right to appeal to the discretion of the Clerk first, and then of

the Judge, either without examination of witnesses, on the ground that the report should have set forth more fully the facts in order to an intelligent exercise of the discretionary power, or, after hearing testimony or affidavits, to have the report set aside and the matter in controversy re-referred to the commissioners. The express power given in the statute in reference to condemning land for the use of railroad companies is merely declaratory of the right that already existed. *Railroad* v. *Phillips, supra; Skinner* v. *Carter, supra.*

For the reasons given we think that the Judge had the power to reverse the judgment of the Clerk because of the erroneous view of the law upon which the latter acted, or in the exercise of a sound discretion, if in his opinion the ends of justice required that course to be pursued.