LEE S. OVERMAN v. MATTIE LANIER ET ALS.

(Filed 17 April, 1912.)

**Executors and Administrators—Interest Chargeable.**

> In this case it was decided that the account of the plaintiff, administrator, should "be reformed to charge him with interest from the date of filing the report on so much of the amount which is now adjudged to be due by him at that date, on which interest is not calculated in the judgment below": *Held*, the interest should be calculated from the time the administrator filed his report, on the amount finally adjudged to be due, and not from the time the referee in the case filed his report.

APPEAL by defendant from *Lyon, J.,* at May Term, 1911, of ROWAN.

*T. J. Jerome, E. J. Justice, E. C. Gregory, L. H. Clement, C. W. Tillett* and *T. F. Kluttz* for plaintiff.

*Manley, Hendren & Womble, Walser & Walser, Burwell and Cansler,* and *Geo. W. Garland* for defendants.

PER CURIAM. This case was decided at last term, 157 N. C., 544. The present appeal is upon the construction placed by the court below on the following language in our opinion: "The account should also be reformed to charge the administrator with interest from the date of filing the report on *so much of the amount which is now adjudged to be due by him at that date, on which interest is not calculated in the judgment below.*"

Administration was taken out in December, 1894. In August, 1904, the plaintiff, administrator, filed his final report, showing a balance of $685.34 due by him at that date to the distributees. This proceeding was instituted by him in September, 1904, to have his final report approved and judgment of final discharge entered (Revisal, 150). The next of kin answered, alleging that said amount admitted to be due by the final report of the administrator was incorrect, and that sundry large sums were due them. The matter was submitted to a referee, and his report, which was filed in January, 1911, adjudged that the balance due by the administrator was $5,346.33, with interest thereon. This Court adjudged that a further amount was due by the administrator, *i. e.,* $1,000.

It did not appear from the record whether interest was calculated by the referee from the date of the filing of the final

report of the administrator in August, 1904, down to the judgment in May, 1911, or not, or, if it was, upon what sums. It seems clear that no interest was allowed upon the balance due by the administrator from filing the referee's report in January, 1911, to the judgment in May, 1911, and certainly none was allowed upon the additional amount of $1,000 added by the judgment of this Court.

This Court being of opinion that the true amount adjudged to be due by the administrator at the time of filing his report in August, 1904, should bear interest from that date, decreed that the account should be reformed as above stated, *i. e.,* "that the account should be reformed to charge the administrator with interest from the date of filing the report" (by which we meant from filing his report in August, 1904) "on so much of the amount which is now adjudged to have been due by him at *that date,* on which interest is not calculated in the judgment below." The context of the opinion indicated this, as we thought, plainly. It would have been better, it seems, as there were two reports—one by the administrator in August, 1904, and the other by the referee in January, 1911—that we should have specifically stated which was meant, but we were discussing then the balance due by the administrator, and not any alleged errors of the referee, all of which had been passed on.

The report of the referee will be reformed so as to ascertain, under the opinion of this Court, the true amount due by the administrator in August, 1904, instead of the $685.34 which his final report then admitted to be due, and interest will be calculated upon such balance from that date. *Bushee v. Surles,* 79 N. C., 53. The administrator should have filed a final report showing the true amount due by him at that date, and should have paid over the same to the defendants, or, if declined, he should have paid it into the clerk's office to stop the running of interest (Revisal, 145). On the contrary, he claimed and used as his own all above $685.34, and did not even pay that into the office.

· The case will be remanded, so that the court below may proceed in accordance with this opinion.

Reversed.