Staples, J.,
delivered the opinion of the court.
The appellant, as administrator of Samuel Shadrack, claims to be a judgment creditor of David Pannill. His judgment is assailed by the other creditors of Pannill upon two grounds now to be stated. First. That judgment was confessed in the clerk’s office in vacation of the court, without process having issued. The record, however, does not show whether process was or was not issued. All that we have on the subject is the report of the commissioner? stating “ that no suitor summons appears with the papers.” All which may be true, and yet a suit may have been issued, and never returned, or it may have been returned and lost or mislaid. When it is remembered how careless and negligent are many of the clerks in the management of their records, the ease with which the process may be abstracted or lost from the papers, it would be most mischeivous to hold that a suit is not to be considered as instituted, unless the- writ can be produced, or proved to have actually issued.
When a judgment in other respects fair is collaterally assailed by third persons, the court will always presume it is founded on regular proceedings in the absence of evidence to the contrary. Thompson v. Tolmie, 2 Peters R. 157, 163; Broome’s Legal Maxims, 944—5, 952, note 2. In the case before us, this presumption is somewhat strengthened by the fact that a declaration was filed, thus indicating that counsel had been employed, and an attempt made to conduct the case in accordance with the law.
*710 But if it plainly appeared that the judgment was confessed without writ or previous process, we think it would -not, on that ground, be void. In the case of Brockenbrough’s ex’x v. Brockenbrough’s adm’r, decided by this court (31 Gratt. 580), it was held that a judgment confessed in court is valid, although no action was then pending. The authorities in support of this decision are cited in the opinion of Judge Bm'ks. No satisfactory or substantial difference is perceived between a judgment of that sort and a judgment confessed in the clerk’s office. It is very true the statute provides that in any suit the defendant may confess judgment in the clerk’s office.
Inasmuch, however, as the object of the writ is to notify the defendant of the claim asserted, and to afford him an opportunity of making defence, if he consents to appear, or waive the service of process, and confesses the demand, he cannot afterwards be heard to say that no process was in fact issued. To permit him to do so would be to perpetrate a fraud on the plaintiff, who has been led by the defendant’s conduct into an acceptance of the judgment as valid security. Where, as in the present case, the defendant does not complain, third persons cannot be permitted in a collateral proceeding to impeach the judgment as a mere nullity. The statue provides that a confession of judgment is equal to a release of errors. The effect is to conclude the right and estop the party to object to the regularity of the proceedings. In a number of cases the judgment confessed has been considered as in the nature of a contract.
In Newsbaum v. Keim, 24 New York R. 325,327, Denio, J., delivering the opinion of the court, said, “ It was an ancient and well settled practice of the courts to allow judgments to be recovered by confession, either without action or pending an action. Such judgments rested, as they still do rest, upon the simplest of all foundations—that of consent. See also Secrist v. Zimmerman, 5 P. F. Smith’s R. *711 446; Bush v. Hanson, 70 Illi. R. 480. In Wells v. Morton, 10 Wisc. R. 468, it was said that the practice of allowing clerks and prothonotaries, in vacation and in the absence of the court, or judge, and without his authority, to enter and record judgments by confession, is of very ancient date. It had its origin soon after the substitution of written for oral pleadings, and still prevails in England. And in the Insurance Company of the Valley of Virginia v. Barley’s adm’r, 16 Gratt. 363, the President said, “To confess a judgment, especially in the office, is neither to prosecute or defend a suit, but to carry into effect an agreement of the parties.” These authorities are cited simply for the purpose of showing the course of judicial decision on this subject; others might be referred to to the same effect. Some of them are cited in the brief of the learned counsel for the appellant. Indeed, it is believed that the practice has been very common with some of the clerks of taking a confession of judgment without issuing a writ. In some eases the defendant expressly waives service of process. The effect is precisely the same, for the confession of judgment itself is a waiver, and operates an estoppel. If the court should now declare all such judgments void, the result would be to multiply litigation, disturb titles, and bring great confusion into the administration of justice.
In the second place, it is insisted that under the statute every judgment confessed in the clerk’s office must be entered of record by the clerk in the order or minute book; that no such entry was ever made in this case; that the only proof of the alleged confession of judgment is an endorsement upon the declaration; that this endorsement is not signed by any one, ñor does it appear in whose handwriting it is.
The endorsement referred to is in the following words:
“ 1868—March 4th. Judgment confessed in clerk’s office by defendant for $1,641.69, amount of within bond, *712 legal interest thereon from 23d August, 1858, till payment, and costs $4.62.”
The bond is filed with the declaration, the commissioner s^es ^at endorsement is by the clerk, and the calculation of the cost tends to show that it was his act, besides the presumption derived from the fact that the paper must have been in his possession and under his control. This, certainly is sufficient proof of the handwriting of the clerk in the absence of any rebutting testimony. The question is, is this a valid judgment, or, more strictly speaking, is there sufficient evidence of a judgment confessed in the office ?
It is very true, the statute requires the clerk to enter the judgment in his order or minute book; but does his failure to make the entry invalidate a judgment which is proved to have actually been confessed ?
Numerous cases have been cited upon the statutes of the different states requiring all judgments to be docketed. Upon this question the decisions are very conflicting. In many of them it has been held that it is the duty of the creditor to see to it that his judgment is properly docketed. If he fails to do so, he loses the benefit of the judgment lien. But in all these cases the controversy was between the judgment creditor on the one hand and the dona fide purchaser on the other for valuable consideration without notice. If, in the present case, the right of such a purchaser was involved, very different considerations might govern. This, however, is a controversy between creditors,, who, it is well settled, stand upon no higher ground than the common debtor. If the judgment is valid as to the debtor, it is equally so as to the creditor, unless it can be impeached on some ground of fraud or collusion.
The authorities generally hold that the statutes relating to the recordation of deeds and docketing of judgments are merely directory, and the failure of the clerk or other officer to comply with their provisions cannot affect the *713 rights of parties claiming under such deeds or judgments. In Beverley v. Ellis & Allan, 1 Rand. 102, it is decided that where a deed is duly proved, or acknowledged, and left with the clerk for recordation, it is considered as recorded from that time, although it was never recorded, but lost by the negligence of the clerk.
In Rollins v. Henry, 78 N. C. 342, it was held that the requirement of the statute that a judge shall sign all judgments rendered in court, is merely directory, and his omission to do so will not vitiate as to strangers; and this principle is applied even where the judgment was rendered without any case in court. See also Hesse v. Mann et als., 40 Wisc, 560; Sheldon v. Stryker, 34 Barb. R. 120.
Without, however, multiplying citations on this point, it will be sufficient to notice the case of Digges’ ex’or v. Dunn’s ex’or, 1 Mnnf. 56. In that case it was held that although the statute required that all judgments of the county court by default should be entered up by the clerk as of the last day of the term, it' was nevertheless a valid judgment, notwithstanding the failure of the clerk to make the entry. Whatsoever may be the functions of the clerk in recording a confession of judgment, his duty in entering up the judgment upon the minute book, under the statute, is purely ministerial; and if he fails to do so, it is simply a clerical misprison which may afterwards be corrected by the court or by the clerk himself.
In Humbolt M. & M. Co. v. Terry, 11 Nevada R. 237, 242, it was conceded that the clerk had not complied with the statute in entering up the judgments confessed in vacation. But the court said the legal effect of the entry and endorsement of the clerk is the same as if he had made it on the back of the statement, and entered in a judgment book a final judgment, in strict compliance with the provisions of the statute. In proceedings under the statute authorizing a judgment by confession, there is no suit, no recovery, no declaration. The clerk is not invested with *714 any judicial function ; he has nothing to consider, order, adjudge or decree. The statute directs the judgment, and -the clerk acts as the agent of the statute in writing out and filing its judgment among the records of the court. Hemp-stead v. Drummond, 1 Pinney’s Wisc. R. 334; Wells v. Morton, 10 Wisc. R. 68. See also opinion of Judge Tucker in Eubank v. Ralls’ ex’or, 4 Leigh, 308, 315-319, and the note of the case of Garland v. Marx, Id. 325.
In the case of Crownell v. The Bank of Pittsburg, 2 Wallace, Jr., C. C. R., pages 569, 585, Mr. Justice Grier delivered a well considered opinion, in which he discussed at much length some of the points in the case. In the course of that opinion, he said: “Assuming it in the last place to be absolutely necessary that the entryof the judgment should be copied in the folio docket, the omission to do so is a clerical error or misprison, which may be amended at any time. A court may possibly not have the power to alter or vacate its own judgments, duly recorded, after the term to which they have been entered. But that any misprison, omission or mistake of the clerk may be amended at any time when the record shows anything to amend, has never been controverted since the statute of 1 Edward, 111, c. 6. It is a power vested in every court, and one which it is their duty to exercise in a proper case, in order that suitors may not suffer by the carelessness or mistakes of clerks and other officers.” In support of this proposition, he cited numerous authorities. The case of Craig v. Alcorn, 46 Iowa R. 560, is also a decision bearing upon the same point.
The cases cited establish, what is sufficiently obvious upon principle, that the omission of the clerk to make the proper entry will not be permitted to prejudice the creditor ; and if necessary, the court will at any time, upon application, direct the omission to be supplied. The learned counsel for the appellee seems, however, to suppose that under our statute such application ought to have been *715 made to the court at its next term after the judgment was J , confessed. This, however, is a mistake. After the judgment is entered on the order or minute book, it becomes final and valid as if entered in court. It would, therefore, be beyond the control of the court but for the provision giving the court control of all proceedings in the office during the preceding vacation. These provisions were not intended, however, to limit the power of the courts in correcting the mistakes and misprisons of clerks but to give control of judgments which would otherwise be beyond the reach of the court.
The circuit court might now compel the clerk of that court to enter the judgment in the minute book. The clerk might do so of his own accord, without such direction, because the statute requires that he shall do so, and there is no limitation as to the time in which it shall be done. It has been suggested, however, that it was incumbent upon the appellant first to apply to the circuit court, and have the judgment entered on the minute book, before he can rely upon it in the chancery court. This, perhaps, would have been the more regular course.
It seems that the appellant in the court below did ask for time that, he might take the very step to have the entry made; but his request was refused. How, it is clear that the delay asked for could not materially have affected any of the parties, and it ought to have been granted in the interests of justice, if the entry or amendment was essential to the protection of the appellant’s rights.
But we think that under all the circumstances of this case no such application and no actual entry were necessary, and the authorities already cited establish the proposition. In the case of Digges v. Dunn’s ex’or, 1 Munf., already cited, an action was brought on the judgment, and although the clerk had not entered it up upon his order book, it was nevertheless treated as a valid judgment, as of the last day of the court, under the statute. The court considered the *716 omission as a mere clerical misprison, which could not prejudice the party, and that the judgment was equally valid, as though the clerk had performed his duty in the premises.
In the case before us, if application were made to compel the clerk to make the entry, it must of necessity be to-the judge sitting in this case as a chancellor.' It is not seriously pretended that the judgment was not confessed, or that there was any fraud or unfair conduct in either of the parties. The justice of the debt is not controverted by any one. The debtor himself is before the co.urt and makes no-complaint. If the entry of the judgment should be actually made, it would be upon the evidence now before us. The validity of the judgment arises from the confession, the actual consent of the defendant, and not from the entry of .the clerk.
The object of the entry is to give the judgment a more enduring form ; where it might be preserved, seen and inspected.
The court being fully satisfied that the judgment was-confessed for a debt justly due, that there is no fraud or collusion, no good reason is perceived why it should not give effect to the judgment, without turning the party around to the law side of the court simply for the purpose of having the judgment entered on the minute book.
For these reasons we are of opinion that the circuit court erred in rejecting the judgment in behalf of the appellant confessed on the 4th March, 1868, as a judgment lien of the 3d class, as represented by its commissioner.
To that extent the decree is reversed, and remanded for further proceedings, in conformity with the views herein expressed.
The decree was as follows :
The court is of opinion, for reasons stated in writing and filed with the record, that the judgment alleged to have *717 been confessed in the clerk’s office of the circuit court of Orange county on the 4th of March, 1868, by David Pannill in favor of the administrator of Samuel Shadrack, ceased, is a valid judgment, and that the said circuit court ’ . J ° ’ . erred by its decree of October 6th, 1875, in rejecting the debt of $2,923.39, “ as a judgment of the third class liens according to the report of the commissioner.
Wherefore, for the error aforesaid, it is decreed and ordered, that so much of said decree of October 6th, 1875, as is in conflict with that decree be reversed and annulled, and that the appellants, William T. Woolfolk and Dabney Minor, A. Thompson and H. T. Holladay, do pay to the appellant his costs by him expended in the prosecution of his appeal and supersedeas aforesaid here. And this court proceeding to render such decree as the said circuit court ought to have rendered, it is further ordered and decreed that the exception of the said William T. Woolfolk and Dabney Minor, A. Thompson and H. T. Holladay to the report of Commissioner John G. Wilkerson, filed September, 1875, be overruled, and said judgment so confessed as aforesaid be declared valid according to the report of said commissioner. And the cause is remanded to said circuit court to be further proceeded with in conformity with this decree.
Decree reversed.