## Richmond.

### SMITH AND ALS. V. MAYO, TRUSTEE.

#### NOVEMBER 10th, 1887.

*Absent*—LEWIS, P.

JUDGMENTS—*Confession of by clerk.*—In entering a confession of judgment, under Code 1873, ch. 167, § 42, the clerk acts purely as a ministerial officer, and he may enter his own confession of judgment in favor of his creditor, and it will be valid.

Appeal from decree of circuit court of Powhatan county, rendered at its May term, 1884, in the chancery cause of H. M. Smith & Co. against A. S. Mayo, L. M. Mayo and wife, and W. J. Dance, trustee. The object of the suit was to set aside a certain deed executed by A. S. Mayo, tenth August, 1878, settling certain real estate on his wife, and to subject the same to the payment of a judgment in their favor against said A. S. Mayo, surviving partner of himself and M. M. Mayo. There was a reference to a master to take an account of liens and their priorities. As the first lien, there was reported a judgment confessed in the clerk's office of said circuit court for $2,525 in favor of Joseph E. Mayo by the said A. S. Mayo, who was then clerk of the said court. The complainants excepted to the report on the grounds that the clerk of the court could not confess a judgment against himself in his own office, and that the said judgment was null. The circuit court overruled the

exception, and the complainants obtained an appeal and *supersedeas*.

*Coke & Pickerell*, for the appellants.

*W. W. Cosby*, for the appellees.

HINTON, J., delivered the opinion of the court.

The only question in this case is as to the validity of a certain judgment for $2,525, which was confessed in the clerk's office of the circuit court of Powhatan county on the fifth day of May, 1880, in favor of one Joseph E. Mayo by A. S. Mayo, the then clerk of that court. The inquiry arises in this way: In February, 1882, the appellants—who are judgment creditors of said A. S. Mayo, surviving partner of himself and one M. M. Mayo, deceased, and upon whose judgment execution had previously issued and returned "No effects"—instituted their suit in chancery to set aside a certain deed of settlement made by the same A. S. Mayo in favor of his wife, and to have the real estate therein mentioned subjected to the payment of their judgment. At the April term, 1882, of said circuit court an order was entered referring the cause to a commissioner to inquire and report the consideration of said deed, and also to report the liens upon the said real estate, with their priorities, etc. In response to the order of reference, the commissioner, on the twenty-fifth day of September, 1882, filed his report, in which he stated that the deed was in consideration of love and affection; that the debt of the appellants was contracted prior to the execution of the deed of settlement, but that their judgment was obtained afterwards. And he reported, also, as the first lien upon the defendant's real estate, the judgment in favor of Joseph E. Mayo now sought to be declared null and void; and, as

the second lien on said real estate, the judgment of the appellants, which was rendered on the fifth November, 1880. To this report the appellants duly excepted, on the ground that the defendant, A. S. Mayo, at the time he confessed the judgment in favor of Joseph E. Mayo, was himself the clerk of Powhatan circuit court, and that a confession before himself as clerk was null and void and of no effect. On the fourteenth day of April, 1884, the cause came on to be heard, when the court, overruling the exception, sustained the report; whereupon the appellants applied for and were allowed this appeal.

Now, is this judgment of necessity a nullity? The argument for the appellants is, in brief, that it is a maxim of the law that no man can be a judge in his own cause; that the clerk, in receiving a confession of judgment, exercises functions which, in the absence of legislative enactment, can only be performed by a judge while actually holding his court, and that to sustain such a judgment would be virtually to make this clerk a judge in his own case, and the cases of *Brown* v. *Hume*, 16 Gratt. 458; *Bowers* v. *Bowers*, 29 Gratt. 697; *Davis* v. *Beazley*, 75 Va. 495, are cited as tending to support this view. But whatever force may be attributed to this reasoning in a proper case, it is plain, in our judgment, that it is entitled to little or no weight in a case like the present, where the construction is controlled by the terms of the statute. By section 42, chapter 167, Code 1873, it is provided that "in any suit a defendant may confess a judgment or decree in the clerk's office for so much principal and interest as the plaintiff may be willing to accept a judgment or decree for. The same shall be entered of record by the clerk in the order or minute-book, and be as final and as valid as if entered in court on the day of such confession, except," etc.; and then follows a provision giving the court control over the proceedings in the clerk's office which has no application to this case.

Now, in cases like the present—that is, in cases of statutory confessions of judgment—the duties of the clerk are purely ministerial, and he acts (to use the language of Mr. Freeman) "as the agent of the statute in receiving and entering such confession of judgment." Freem. Judgm. § 129. Now, can any good reason be perceived why he may not perform this duty as well for himself as for another? As was said by this court in the case of *Shadrack's Adm'r* v. *Woolfolk*, 32 Gratt. 716, "the validity of the judgment arises from the confession—the actual consent of the defendant—and not from the entry of the clerk"; and certainly this consent will be as clearly evidenced, if written out and entered by the defendant, albeit he himself should be the clerk, as it could be if it were received and recorded by another. Besides, the language of the statute is broad enough to include the case of a clerk who is himself a debtor, and any other construction of the statute would deprive the creditors of any such clerks of the benefit of the provisions of this statute, without any adequate reason which we are able to conceive of. There is nothing in the cases cited for the appellants in conflict with these views.

Without pursuing the subject further, it is only necessary to add that we think the decree appealed from is right, and must be affirmed.

DECREE AFFIRMED.