# Richmond.

## SAUNDERS V. LIPSCOMB.

### MARCH 22d, 1894.

1. JUDGMENTS CONFESSED—*Statute—Common law.*—Though Code, § 3233, provides that *in any suit* defendant may confess judgment in the clerk's office, *held*, a judgment there confessed is not invalid because there was *no suit pending* and no previous process issued, as judgments by confession existed at common law whereof the statute is mainly declaratory, and only substantial compliance is required to validate such a judgment. *Brockenbrough* v. *Brockenbrough,* 31 Gratt., 509.
2. IDEM—*Minute book.*—Code, § 3283, requiring clerk to enter in his order or minute book a judgment confessed in his office, *held* directory only, and his failure to do so does not invalidate the judgment. *Shadrach* v. *Woolfolk,* 32 Gratt., 707.

Appeal from decree of circuit court of King William county, rendered May 22, 1891, in the chancery suit pending therein under the short style of Saunders & Son against Lipscomb and others. The decree being favorable to the defendants, C. A. Lipscomb and J. S. Moore, creditors of H. B. Lipscomb, the complainants, Saunders & Son, appealed. Opinion states the case.

*George P. Hurd,* for appellants.

*Shields & Newton* and *H. R. Pollard,* for appellees.

RICHARDSON, J., delivered the opinion of the court.

This is an appeal from a decree of the circuit court of King William county pronounced on the 22d day of May, 1891, in the chancery suit pending therein under the short style of Saunders & Sons against Lipscomb and others.

The complainants, who were creditors of H. B. Lipscomb by judgments regularly obtained, April 30, 1890, brought their bill to enforce the liens of their judgments against the real estate of their debtor, and also to have set aside and annulled a judgment confessed July 23, 1889, by Thomas Redd, attorney in fact for H. B. Lipscomb, in favor of J. S. Moore for $350, with interest thereon from the 14th of May, 1889; which judgment was confessed in the clerk's office of the circuit court of King William county under and by virtue of a power of attorney duly executed and acknowledged by said H. B. Lipscomb, May 14, 1889, to said Thomas Redd, attorney as aforesaid, as appears from a copy from the record thereof, attested by the deputy clerk of said county; and also to set aside and annul another judgment confessed in said clerk's office on the 14th day of April, 1890, by said H. B. Lipscomb, in person, to C. A. Lipscomb for the sum of $730, with interest and costs.

Of the first mentioned judgment there is in the record the following memoranda: "I confess judgment in favor of J. S. Moore for the sum of $350, with interest from May 14, 1889, till paid and cost. H. B. Lipscomb, by Thos. Redd, his attorney in fact."

"Virginia: In King William circuit court, clerk's office, July 22, 1889.—The foregoing judgment was this day confessed before me in my office aforesaid. Burnley Taylor, Deputy Clerk."

It was agreed in a writing copied into the record and signed by the counsel of both parties, that "no memorandum of suit was filed, nor any declaration, and no process was issued against the defendant in this matter, and that there was no counsel connected with it, and that the above is a full copy of the only paper in the matter, except that the judgment was duly entered

on the minute book of the court in vacation, ' Endorsed—The above judgment has been docketed according to law. Burnley Taylor, Deputy Clerk.' "

Of the last named judgment there is in the record the following memoranda:

" In King William circuit court, April 14, 1890 : C. A. Lipscomb, plaintiff, *v.* H. B. Lipscomb, defendant. Judgment confessed in the clerk's office in favor of the plaintiff for seven hundred and twenty dollars, with interest thereon to be computed at the rate of six per cent per annum from the 14th day of April, 1890, till paid, and the costs. Plaintiff's costs $6. An extract. Teste : Burnley Taylor, Deputy Clerk.

"Endorsed.—The above judgment has been docketed according to law.—Burnley Taylor, Deputy Clerk."

The following is the bond on which said judgment was confessed :

" One day after date I promise and bind myself, my heirs, or assigns, to pay to Mrs. C. A. Lipscomb, her heirs or assigns, the just and full sum of ($720) seven hundred and twenty dollars for services from January 1, 1883, to March 1, 1890, as storekeeper for said debt, and waive the benefit of my homestead and all other exemptions of law. Given under my hand and seal this 1st day of March, 189–. H. B. Lipscomb. (Seal)."

"And on the same day : In King William circuit court clerk's office, April 14, 1890 : C. A. Lipscomb, plaintiff, *v.* H. B. Lipscomb, defendant. This day the plaintiff, by her attorney, and the defendant appeared in person. Thereupon the defendant in person acknowledged the plaintiff's action for the sum of seven hundred and twenty dollars with interest from the 14th day of April, 1890, till paid. It is therefore considered that the plaintiff recover of the defendant the sum of seven hundred and twenty dollars, with interest thereon to be computed at the rate of six per cent per annum from the 14th day of April, 1890, until paid, and her costs about her suit

in this behalf expended. From the records. A copy—Teste:
Burnley Taylor, Deputy Clerk."

In reference to this judgment a statement of facts was agreed
to by the counsel, substantially as follows: "H. B. Lipscomb's
son took to the clerk's office in said county the bond of $720
to C. A. Lipscomb whereon was endorsed the judgment con-
fessed before a justice of the peace, and asked that it be dock-
eted; but being told it was not a judgment, he returned it
home; whereupon, on the 14th day of April, 1890, H. B. Lips-
comb himself took it to the said clerk's office, when and where
Burnley Taylor, the deputy clerk of the circuit court of said
county, took the confession of judgment and endorsed it on
the bond. And it was further agreed that there was no mem-
orandum of suit or declaration, or any other paper except the
bond filed in the matter, and that there was no counsel con-
nected with it."

In the bill these two judgments were assailed and asked to
be set aside and annulled on the grounds, first, that they were
confessed by H. B. Lipscomb with interest to hinder, delay,
and defraud his creditors, and especially the complainants; and,
second, that they were not confessed in any pending suit.

J. S. Moore and C. A. Lipscomb filed their separate answers
denying the material allegations of the bill; and depositions
were taken by both complainants and defendants. At the
hearing the circuit court held that both of said judgments were
valid liens on the real estate of the defendant, H. B. Lipscomb,
and the complainants brought the case here on appeal.

As to the first ground it is sufficient to say that the record
contains not a particle of evidence tending to establish it, but
on the contrary, as was held by the court below in the decree
complained of, these judgments are in all respects fair and in
good faith, and are sustained by valuable considerations.

The second ground of objection which has already been de-
cided by this court in *Brockenbrough* v. *Brockenbrough,* 31 Gratt.,
599, and in *Shadrack* v. *Woolfolk,* 32 Gratt., 707.

The first named case was one in which an obligor in a bond went into court and confessed a judgment thereon to the obligee no suit having been instituted. This court held that the judgment was valid.

In that case, Burks, J., in pronouncing the opinion of the whole court, said: "It is contended that the judgment is void because confessed without a writ being issued. It was confessed in open court, the court having jurisdiction of the subject; and the defendant appeared and confessed judgment in proper person. Such a judgment is not void. The prime object of the writ is to notify the defendant of the plaintiff's action. It was waived by the appearance of the defendant and the confession of judgment. A judgment on confession is equal to a release of errors."

The last-named case was one in which an obligor confessed a judgment on a bond to the obligee in the clerk's office, and though no process appears to have been issued or served, and though no entry thereof was made by the clerk upon the order, or minute, or other book in his office, and although the only evidence thereof was an unsigned endorsement on a declaration appearing to have been filed enclosing the bond, this court held that it was a valid judgment and entitled to rank as such against other creditors of the debtor.

In that case Judge Staples, speaking for the whole court, said: "If the judgment was confessed without writ or previous process, we think it would not, on that ground, be void. In *Brockenbrough* v. *Brockenbrough*, 31 Gratt., 580, it was held that a judgment confessed in court is valid, though no action was pending. * * * No satisfactory or substantial difference is perceived between a judgment of that sort and a judgment confessed in the clerk's office.

It is very true the statute provides that in *any suit* the defendant may confess judgment in the clerk's office. Inasmuch, however, as the object of the writ is to notify the defendant of the claim asserted, and to give him opportunity of making

defence, if he consents to appear, or waives service of process, and confesses the demand, he cannot afterwards be heard to say that no process was in fact issued. To permit him to do so would be to perpetrate a fraud on the plaintiff, who has been led by the defendant's conduct into an acceptance of the judgment as a valid security."

It is true that the statute, § 3283, Code, 1887, does require the judgment to be entered by the clerk in his order or minute book; but it does not provide that his failure to do so shall invalidate the judgment thus confessed. Moreover, whatever may be the duty of the clerk in respect to recording a judgment by confession, his duty in entering up the judgment in the minute book, under the statute, is purely ministerial and the mandate of the statute merely directory, and his failure is only a clerical error, which may subsequently be corrected by the court, or by the clerk himself. So it was held in the case last cited; and the same principle was upheld by this court in *Diggs* v. *Dunn*, 1 Munf. 56; *Eubank* v. *Ralls*, 4 Leigh, 330; *Garland* v. *Marx, Ib.*, 345; *Ins. Co.* v. *Barley*, 16 Gratt., 388.

Judgments entered for the plaintiff upon the defendant's admission of the facts and the law, were known to the common law and exist independently of statutes, and the Virginia statute, § 3283, Code 1887, being mainly declaratory of the common law, requires only substantial compliance, in order to render valid a judgment *bona fide* confessed in the clerk's office. Black on Judgments, § 50.

For these reasons this court is of opinion that the decree complained of is without error, and that the same must be affirmed.

DECREE AFFIRMED.

*Note by Reporter:*—Entry of judgments confessed on warrants of attorney is discussed in note to *Teel* v. *Yost* (N. Y.), 13 L. R. A., 796.