## Wytheville.

### MANSON & SHELL, TRUSTEES, v. RAWLINGS' EXECUTORS AND OTHERS.

#### June 8, 1911.

1. JUDGMENTS BY CONFESSION—*Evidence of—Code, Section 3283.*— The provision of section 3283 of the Code with reference to judgments confessed in the clerks' office are, for the most part, merely declaratory of the common law, and such judgments will be declared valid where there has been substantial com- pliance with the statute. The provision for entry of the judg- ment on the order or minute book of the clerk is directory only, and, if in fact confessed, the judgment will be upheld though not entered on that or any other book in his office, but evi- denced merely by authenticated memoranda of the clerk taking the confession.

2. PRINCIPAL AND SURETY—*Judgments Against—Limitation of Ac- tions.*—At law, the creditor rests under no obligation to look to the principal or to his property, or to exhaust his remedies against him before resorting to the surety. He may collect his debt out of either, and, where judgment has been recovered against both, though it may be barred as to the principal, it is not for that reason merely barred as to the surety. No length of time short of the period prescribed by the act of limitations will bar the right of the creditor to enforce his judgment against the surety, or his estate. The judgment must be barred as to the *surety himself*, to produce that result.

Appeal from a decree of the Circuit Court of Brunswick county. Judgment for defendant. Petitioners appeal.

*Reversed.*

The opinion states the case.

*E. R. Turnbull, Jr.,* for the appellants.

*Richard B. Davis* and *E. P. Buford,* for the appellees.

WHITTLE, J., delivered the opinion of the court.

The following are the material facts bearing upon the questions involved in this appeal: The appellants, Manson and Shell, filed their petition in a creditors' suit, pending in the Circuit Court of Brunswick county against the executrix and devisees of W. P. Rawlings, deceased, to subject the assets of the estate to the payment of debts, setting up a judgment in their favor against J. R. Rawlings and W. P. Rawlings, alleged to have been confessed in the clerk's office of Brunswick Circuit Court on March 19, 1895.

J. R. Rawlings was principal and W. P. Rawlings surety in the debt on which the judgment was founded.

By the decree under review the circuit court disallowed the judgment, holding—(1) That the evidence was not sufficient to establish it, and (2) that, if the judgment had been proved, more than five years having elapsed from the qualification of the personal representative of J. R. Rawlings, the principal debtor, before the institution of any proceedings for its enforcement, it was barred by section 3577 of the Code; and being barred as to the estate of the principal debtor, it was likewise barred, by the same statute, as to the estate of the surety.

It is admitted that appellant's petition to enforce the judgment was filed in the creditors' suit within five years from the qualification of the personal representative of W. P. Rawlings, deceased.

The following memoranda from the records of the circuit and county courts of Brunswick county were relied on to sustain the judgment:

1. A memorandum taken from the fee book of R. P. Buford, clerk of the circuit court, dated March 19, 1895, admitted to be in his handwriting, as follows:

"W. P. Rawlings and J. R. Rawlings, to judgment
      confessed ads Manson & Shell............... $1.79
To writ tax ................................   1.00
                                            ———
            Total ........................   2.79"

2. A certificate from R. P. Buford, clerk of the circuit court, to Geo. R. Mallory, clerk of the county court, as follows:

"Brunswick Circuit Court, March 19th, 1895.

"Manson & Shell, Pltff.

In debt.

J. R. & W. P. Rawlings, Deft.

"Judgment against defendant for $300.00 with interest from the 23rd Feby, 1891, subject to credit for $50.00 paid Jany 10, 1893, till paid.

"Extract Teste:

"RO. P. BUFORD, Clerk.

"Entered on Judgment Docket 19th day of March, 1895.
"G. R. MALLORY, Clerk."

3. A memorandum on the execution docket, made by R. P. Buford, clerk of the circuit court, showing the entry of an execution on the judgment in question, with the indorsement, "Fi. Fa. held up by order of plaintiff's attorney. R. P. BUFORD, Clerk."

4. A memorandum made by the clerk of the circuit court on the execution book, on October 20, 1897, of an execution on the judgment, returnable to first January rules, 1898, and the indorsement opposite the entry of the execution: "Delivered to Sheriff."

Though section 3283 of the Code prescribes how a judgment by confession may be entered by the clerk in his office in vacation with particularity, the statute has been held for the most part to be declaratory merely of the common law, and that such judgment or decree will be valid when there has been substantial compliance with the statute. Thus, the statute declares that in any suit the defendant may confess judgment. Nevertheless, it has been repeatedly held that such judgment is not invalid because there was

no suit actually pending, and no previous process. *Brock-enbrough's Ex'x* v. *Brockenbrough's Admr.,* 31 Gratt. 580, 599; *Shadrack's Admr.* v. *Woolfork,* 32 Gratt. 707; *Saunders* v. *Lipscomb,* 90 Va. 647, 19 S. E. 450.

So also, in *Pickett* v. *Claiborne,* 4 Call 99, the court held that the filing of a declaration was not essential to the validity of a judgment by confession. Pendleton, P., in delivering the opinion of the court, observes: "Upon the whole the court are unanimously of opinion that as a declaration in this case would have served no other purpose than to swell fees and papers, the judgment of the general court ought to be reversed, and that of the county court affirmed."

In *Shadrack's Admr.* v. *Woolfork* and *Saunders* v. *Lipscomb, supra,* it was held that the provision in the statute that the judgment should be "entered of record by the clerk in the order or minute book," was only directory, and the omission of the clerk to comply with that requirement, or, indeed, his failure to enter the confession on any other book in his office, would not vitiate the judgment. In the former case there was an unsigned memorandum indorsed by the clerk on the declaration; yet, the court sustained the judgment and said, the clerk could make the entry at any time on the order book, and if he failed to do so the court might direct such entry to be made.

We are of opinion that these decisions are conclusive of the validity of the judgment.

Upon the second assignment of error, there can be no doubt that as the petition for the enforcement of the judgment was filed within five years from the qualification of the personal representative of W. P. Rawlings, deceased, it was not barred as to the estate of that decedent. It is a joint judgment against J. R. Rawlings and W. P. Rawlings, and even if barred as to the estate of, the former (upon which question we express no opinion), it would

not for that reason merely be barred as to the estate of · the latter. And that is true though the relation of principal and surety may have existed between them.

In general, the liability of the surety to the creditor is the same as that of the principal. The responsibility of both is primary; and, at law, the creditor rests under no obligation to look to the principal or to his property, or to exhaust his remedies against him before resorting to the surety. He may collect his debt out of either. *Penn* v. *Ingles,* 82 Va. 68; *Southall* v. *Farish,* 85 Va. 409, 7 S. E. 534, 1 L. R. A. 641; *Alexander* v. *Byrd,* 85 Va. 690, 8 S. E. 577; *Piedmont Guano and Mfg. Co.* v. *Morris,* 86 Va. 941, 945, 11 S. E. 883. The surety, it is true, by statute (secs. 2890, 2891, of the Code), may require the creditor to sue, and if he neglects to do so within a reasonable time the surety is absolved from all liability on account of his suretyship; but where judgment has been recovered against principal and surety, no length of time short of the period prescribed by the act of limitations will bar the right of the creditor to enforce his judgment against the surety, or his estate. The judgment must be barred as to *the surety himself* to produce that result. Va. Code, 1904, sec. 3395, · provides that "In an action, founded on contract, against two or more defendants, although the plaintiff may be barred as to one or more of them, yet he may have judgment against any other or others of the defendants against whom he would have been entitled to recover if he had sued them only."

For these reasons the decree of the circuit court must be reversed, and the case remanded for further proceedings in accordance with the views expressed in this opinion.

*Reversed.*