# Richmond

AMERICAN BANK AND TRUST COMPANY, INCORPORATED, ET ALS. V. NATIONAL BANK OF SUFFOLK, ET ALS.

April 28, 1938.

Present, All the Justices.

The opinion states the case.

*Hugh L. Holland* and *James G. Martin & Son,* for the appellants.

*William M. Birdsong* and *John K. Hutton,* for the appellees.

EGGLESTON, J., delivered the opinion of the court.

On January 15, 1931, Allie M. White and W. W. White, Jr., through their attorney in fact, confessed a judgment in

favor of the National Bank of Suffolk in the clerk's office of the Circuit Court of Southampton county. On the same date the clerk entered the following order in the book kept by him among the records in his office, and labeled and designated as "Common Law Order Book—Confession of Judgment—No. 1":

"Virginia: In the Clerk's Office of the Circuit Court of Southampton County, the 15th day of January, 1931.

National Bank of Suffolk
          v.                    Confession of Judgment.
Allie M. White and
W. W. White, Jr.

"This day came as well the plaintiff as the defendants, by their attorney in fact, and the defendants, by their attorney in fact, acknowledged the plaintiff's right of action for the debt in the writ mentioned, with interest and costs.

"Therefore, it is considered that the plaintiff recover of the defendants the sum of Ten Thousand Two Hundred Fifty & 00/100 ($10,250.00) Dollars, Homestead waived, with interest thereon from the 6th day of December, 1930, until paid, and 10% collection charges, and its costs in this behalf expended.

"Teste: H. B. McLemore Clerk."

The clerk then endorsed the following on the back of the confession of judgment:

"National Bank of Suffolk
          vs.
Allie M. White & W. W. White, Jr.

"Virginia: In the Clerk's Office of Southampton, the 15th day of January, 1931.

"The within judgment was duly confessed before me in my said office on the 15 day of January, 1931, at 10:00 o'clock A. M., and has been duly entered of record in Confession of Judgment Book Number 1, Page .....

"Teste: H. B. McLemore, Clerk
        "by B. M. Willis, D. C."

The said confession (containing the clerk's endorsement thereon as aforesaid), together with the warrant of authority and note were securely fastened together and filed by the clerk among his records.

Pursuant to the written request of the president of the National Bank of Suffolk, the judgment was not docketed until July 2, 1931.

In 1935 the respective appellants recovered judgments against Allie M. White and W. W. White, Jr., which were promptly docketed in the same clerk's office.

Shortly subsequent to the docketing of the appellants' judgments, the National Bank of Suffolk filed a suit in equity to subject certain lands of Allie M. White to the lien of its confessed judgment. The appellants, who had been made parties defendant to the bill, answered attacking the validity of the confessed judgment. From a decree holding the confessed judgment valid, this appeal has been taken.

The validity of the judgment in question depends upon the construction of the act of the General Assembly pertaining to the confession of judgments, approved March 27, 1922, Acts 1922, ch. 440, p. 765, as amended by Acts 1923, Ex. Sess., ch. 162, p. 201, and as further amended by Acts 1926, ch. 448, p. 744.*

So much of the act as was in effect at the date of the confession of the judgment, January 15, 1931, and is here material, is as follows:

"(a) Any person being indebted to another person, may, at any time confess judgment in the clerk's office of any court of record in this Commonwealth, whether a suit, motion or action be pending therefor or not, for so much principal and interest as his creditor may be willing to accept a judgment for, which judgment, when so confessed, shall be forthwith entered of record by the clerk in whose office it is confessed, in the proper order book of his court, and shall be as final and as binding as though confessed

---

*See also, Michie's Code of 1936, sec. 6130a, which contains the above-mentioned act as further amended by Acts 1934, ch. 298, p. 479; 1936, ch. 158, p. 275, ch. 222, p. 374.

in open court or rendered by the court, subject to the control of the court in which rendered, and may be set aside only for fraud or other like taint.

"(b) The clerk shall enter on the margin of the record of such judgment, the day and hour when the same was confessed, and the lien thereof shall attach and be binding from the time of such confession so entered.

    *       *       *       *       *       *       *

"(e) When a judgment is so confessed, the clerk shall endorse upon such confession, or attach thereto, his certificate in manner and form substantially as follows:

" 'Virginia: In the clerk's office of the . . . . . . . . . . . . . court of the . . . . . . . . . . . . of . . . . . . . . . . . . .

" 'The foregoing (or attached) judgment was duly confessed before me in my said office on the . . . . . . . . day of . . . . . . . . . . . . ., nineteen hundred and . . . . . . . . . . . . . ., at . . . . . . o'clock . . . . . . . . . . meridian, and has been duly entered of record in common law order book number . . . . . ., page . . . . . . .

                 " 'Teste:

                      . . . . . . . . . . . . . . . . . . . . . . . . Clerk.'

    *       *       *       *       *       *       *

"(g) The clerk shall forthwith docket such judgment in the current judgment lien docket in his office and shall issue execution thereon as he may be directed by the creditor therein named, or his assigns, in the manner prescribed by law.

    *       *       *       *       *       *       *

"(i) No judgment hereafter confessed in the office of the clerk of any court of record in this Commonwealth, by virtue of a warrant, or power of attorney, shall be valid, unless such warrant, or power of attorney be in conformity with the provisions of this act."

The appellants first claim that the "proper order book" designated in subsection (a) of the act for the entry of the judgment means the "Common Law Order Book," as shown

by the form of the certificate prescribed for the clerk in subsection (e) ; that since subsection (b) of the act states that "the lien thereof shall attach and be binding from the time of such confession so entered," the judgment here is void because it was never entered in the "proper order book," but was entered in a book not authorized by statute but one devised by the clerk and denominated by him as "Common Law Order Book—Confession of Judgment—No. 1." In other words, the appellants say that the duty of the clerk to enter such judgment in the "Common Law Order Book" is mandatory and is essential to the validity of the judgment.

The National Bank of Suffolk, the appellee, on the other hand, contends that the entry of the confession judgment in the order book by the clerk is merely ministerial; that such entry is not essential to the validity of the judgment; and that the lien thereof dates from the "time of the confession" and not from the time the order is entered in the "proper order book."

At the time of the confession of the judgment here involved, Code, section 6130, which had been in effect in this State for many years, read as follows:

*"Judgment or decree by confession in vacation; how entered; its validity.*—In any suit a defendant may in vacation of the court and whether the suit be on the court docket or not confess a judgment in the clerk's office for so much principal and interest as the plaintiff may be willing to accept a judgment or decree for. The same shall be entered of record by the clerk in the order or minute book and be as final and as valid as if entered in court on the day of such confession, except merely that the court shall have such control over it as is given by section sixty-one hundred and forty. And the said clerk shall enter upon the margin of such book opposite where the said judgment or decree is entered the date and time of the day at which the same was confessed, and the lien of the said judgment or decree shall run only from the time of day of the confession."

Section 6130 provides for the confession of judgments "in vacation of the court," while the Act of 1922, as amended, provides for the confession of judgments "at any time." Aside from this there is a marked similarity in the language used in section 6130 and that employed in subsections (a) and (b) of the Act of 1922, as amended.

Section 6130 requires that the judgment be entered of record by the clerk "in the order or minute book," while the Act of 1922, as amended, directs that it be entered "in the proper order book."

Again, section 6130 requires the clerk to enter on the margin of the order book "the date and time of the day at which the same was confessed," while the Act of 1922, as amended, directs the clerk to enter "the day and hour when the same was confessed" "on the margin of the record of such judgment."

In *Shadrack's Adm'r* v. *Woolfolk,* 32 Gratt. (73 Va.) 707, in construing the confession of judgment statute then in effect (substantially similar to section 6130 of Code 1919), this court held that the requirement that the clerk should enter the judgment in his order or minute book was merely directory, and that his failure to do so did not invalidate the judgment. It was there said (32 Gratt. (73 Va.) 707, at p. 716): "The object of the entry is to give the judgment a more enduring form; where it might be preserved, seen and inspected."

This holding was adhered to in *Saunders* v. *Lipscomb,* 90 Va. 647, 652, 19 S. E. 450, 451, with the added observation that section 3283, Code 1887 (section 6130, Code 1919), "being mainly declaratory of the common law, requires only substantial compliance, in order to render valid a judgment *bona fide* confessed in the clerk's office."

See also, *Manson & Shell* v. *Rawlings' Ex'rs,* 112 Va. 384, 386, 387, 71 S. E. 564.

In view of the interpretation which this court has placed upon Code, section 6130, with which the General Assembly is presumed to have been familiar, it is hardly likely that there would have been written in the Act of 1922

language so similar to that in Code, section 6130, unless such interpretation met with the approval of the General Assembly. On the contrary if the legislature had intended that the failure of the clerk to make such entry should render the confessed judgment void, as claimed by the appellants, it is fair to assume that the act would have plainly said so.

The failure of the act to invalidate the judgment by reason of the clerk's not making the required entry becomes all the more significant when we consider that in subsection (i) the legislature has expressly said that a judgment confessed by virtue of a warrant or power of attorney which does not comply with the statute shall be invalid.

Likewise, we think there is no merit in the contention that the lien of the confession judgment, under the Act of 1922, as amended, runs only from the date of the entry of the order by the clerk in the "proper order book."

It will be observed that under the language of section 6130 "the lien of the said judgment or decree shall run only from the time of day of the confession." The language in subsection (b) of the Act of 1922, as amended, is, we think, to the same effect when it provides that "the lien thereof shall attach and be binding from the time of such confession so entered." In the latter instance the lien runs "from the time of such confession," and the words "so entered" are merely descriptive of the clerk's ministerial duties with reference to recording the judgment.

Code, section 6470, provides, among other things, that "A judgment by confession in vacation shall also be a lien upon such real estate, but only from the time of day at which such judgment is confessed."

If the contention of the appellants be sound, and the lien of the judgment dates only from the time of the entry thereof by the clerk in the order book, then the Act of 1922, as amended, is in conflict with the provisions of section 6470, with respect to judgments "by confession in vacation," while the construction contended for by the appellee bank, and sustained by us, harmonizes these two statutes.

■ It follows from what we have already said that the failure of the clerk to "forthwith docket such judgment," as required by subsection (g) of the Act of 1922, as amended, does not invalidate the judgment.

■ The object and purpose of docketing judgments is to give notice to purchasers for value and without notice of the real estate of the judgment debtor. Code, sections 6470, 6471. It was not designed to protect judgment creditors. Burks' Pleading and Practice (3d Ed.), secs. 316, 318, 323; *Gordon* v. *Rixey*, 76 Va. 694, 703.

■■ The added provisions found in the Act of 1922, and not incorporated in Code, section 6130, are obviously intended for the protection of the confession judgment debtor, and not his creditors. The judgment conforms in all respects with these added safeguards. Consequently, "If the judgment is valid as to the debtor, it is equally so as to the creditor, unless it can be impeached on some ground of fraud or collusion." *Shadrack's Adm'r* v. *Woolfolk, supra,* 32 Gratt. (73 Va.) 707, at p. 712.

The decree is

*Affirmed.*