## Richmond

DAVID E. POWELL v. BENEFICIAL FINANCE COMPANY OF LYNCH-
BURG, INC.

March 5, 1973.

Record No. 8026.

Present, All the Justices.

*S. S. C. Drake* (*Jester and Jester*, on brief), for appellant.

*Mosby G. Perrow, III* (*E. Marshall Frost; Caskie, Frost, Davidson, Hobbs & Hamblen*, on brief), for appellee.

CARRICO, J., delivered the opinion of the court.

David E. Powell appeals from a final decree sustaining a demurrer to and dismissing his bill of complaint filed against Beneficial Finance Company of Lynchburg, Inc. The sole question for decision is whether the trial court erred in sustaining the demurrer.

The case made out by the bill of complaint and the exhibits will be stated in narrative form. Powell lived in the city of Lynchburg, and two daughters, Katherine Elaine and Cheryl Ann, resided with him. On April 15, 1969, Katherine went to the office of Beneficial in Lynchburg and there negotiated a loan of $1,000.00. She executed

a monthly payment promissory note for $1,269.84. She forged Powell's name to the note and signed her name as witness to his purported signature. The sister, Cheryl Ann, also executed the note.

Later, in January, 1971, after Katherine had married one Dowdy and had moved from the Powell home, Beneficial secured a civil warrant against Powell, Katherine, and Cheryl Ann in the County Court of Campbell County seeking to recover on a debt of $758.65 due "by Note." The sheriff served process on Cheryl Ann at the Powell home and also on Powell by delivering a copy of the summons to Cheryl Ann, he being absent at the time. Process was served on Katherine at her home. The warrant was returnable to February 17, 1971, and on that date a judgment was entered against all three defendants in the sum of $729.45 with interest and costs. Powell "had no knowledge and was entirely ignorant of the circumstances affecting him" in the service of process, and the entry of the judgment was "entirely unknown" to him "at that time."

In February, 1971, Beneficial secured a "writ of garnishment" from the County Court of Campbell County, and it was not until Powell was "called" by his employer that he knew of the "writ of garnishment," the promissory note, the forgery of his name, and the default judgment against him. He then went to the office of Beneficial and informed its agent that he "had not signed any promissory note." He "ordered" the agent "to have the writ of garnishment dismissed immediately."

Beneficial did not act to correct the fact that "it had got a default judgment on a forged obligation" but, instead, had two further "writs of garnishment" issued, the last returnable to October 4, 1971. A total of $629.28 was withheld from Powell's wages in the three garnishment proceedings. All this resulted in Powell's previous "good credit rating" being "disastrously affected."

Powell's bill of complaint, filed October 19, 1971, prayed that Beneficial be enjoined from further issuance of "writs of garnishment" on the judgment; that Beneficial be required to release the judgment; and that Powell be awarded compensatory and punitive damages against Beneficial and Katherine Powell Dowdy, who was also made a party defendant to the bill. In sustaining the demurrers filed by Beneficial and Katherine, the trial court dismissed the bill as to Beneficial and transferred Powell's claim against Katherine to the law side of the court. We are not concerned in this appeal with the claim against Katherine.

Beneficial contends that the sheriff's return, showing service of

process upon Powell in one of the modes prescribed by law, imports an absolute verity and cannot be impeached. There is no allegation by Powell, Beneficial argues, that it fraudulently procured or induced the return, and he is not, therefore, entitled to equitable relief from the judgment on the ground that no process was served on him.

Beneficial relies upon our decisions in *Caskie* v. *Durham*, 152 Va. 345, 147 S.E. 218 (1929), and *Preston* v. *Kindrick*, 94 Va. 760, 27 S.E. 588 (1897), for the proposition that an officer's return imports an absolute verity, barring equitable relief to a default-judgment defendant who claims that no process was served on him. We have no quarrel with this rule. It is a proper one, enunciated in the interest of bringing some finality to judgments. But it is not controlling here.

Powell makes no attack upon the service of process in this case. He does not claim that process was not served exactly as the sheriff's return shows. He accords the record absolute verity. What he offers to show is that although process was served as the return states, the fact of service was withheld from him until after the default judgment was entered. This is not to alter, vary, or contradict the record, but to explain it. *Beck* v. *Semones' Admr.*, 145 Va. 429, 436-37, 134 S.E. 677, 679 (1926). And Powell wants also to show that because the fact of service was withheld from him, he had no opportunity to prevent entry of judgment against him upon a forged instrument.

■ Our research discloses that at an earlier date in our jurisprudence, one in Powell's position would have been entitled to equitable relief merely by showing that he had been prevented by mistake or accident from defending a cause where a default decree was entered, the mistake being as to the day of the session of court and the accident being his own misfortune in injuring his knee. *Erwin* v. *Vint*, 20 Va. (6 Munf.) 267, 270-71 (1819). Or, he could have secured equitable relief from a judgment, whether default or not, by showing that it was based upon a forged instrument, of which he did not have proof at the time of trial. *Marshall* v. *Holmes*, 141 U.S. 589, 596 (1891); *West's Ex'or* v. *Logwood*, 20 Va. (6 Munf.) 491, 505-06 (1820).

It is doubtful that one or the other of these grounds, singly and unaccompanied by other circumstances, would today entitle a person to equitable relief. *Restatement of Judgments* § 126 (1942). The increase in litigation and the advanced complexities of a modern day business world have necessitated rules more rigorous than those existing at an earlier time, requiring that there be a high degree of finality to judgments. But surely, even today, where there coincide

in the same case the two grounds asserted here, *i.e.*, a claim that knowledge of proceedings resulting in entry of a default judgment was withheld from a defendant served by substituted process *and* a claim that the judgment was based upon a forged document, a court of equity should be open to the injured party.

Here, it is admitted at this stage of the proceedings that the note was forged and that Powell did not know of the service of process on him or of the entry of the default judgment against him. The allegations of his bill negate a claim of negligence on his part in suffering the default. It is obvious why he did not know what was going on. Service on him was secured by delivering his copy of the summons to a daughter who was herself signatory to the allegedly forged instrument and a party defendant to the very proceeding in which the default judgment was entered. That she would keep from him knowledge of what had occurred and what was about to occur is not surprising. But this meant that he was thereby prevented from making his defense and showing that the instrument sued upon was a forgery. Under these exceptional circumstances, he is entitled to equitable relief if he can prove his case and is not otherwise barred.

Beneficial contends, however, that Powell is barred from equitable relief because he did not seek a new trial under Code § 16.1-97 within thirty days of the date of the judgment. Beneficial says that Powell alleged in his bill that the judgment was entered on February 17, 1971, and that the first "writ of garnishment" was issued in the same month. Therefore, Beneficial argues, Powell knew of the judgment within the thirty-day period fixed by Code § 16.1-97 and should have sought relief thereunder.

We need not decide the legal merits of Beneficial's contention. Although Powell alleged that the first "writ of garnishment" was issued in February, 1971, he further alleged that he "even then . . . knew nothing of the fraudulent activities of the Defendant Katherine Elaine Powell Dowdy." He also alleged that it was not until he was "called" by his employer that he knew of the default judgment, and we do not know when that was. So we cannot say that Powell knew of the judgment within the thirty-day period following its entry.

Finally, Beneficial contends that Powell should be denied equitable relief because he was guilty of laches in waiting until October, 1971, to file his bill of complaint when the judgment had been entered the preceding February, seven months earlier. We reject this contention out of hand.

We hold that the trial court erred in sustaining Beneficial's de-

murrer and in dismissing Powell's bill of complaint. Accordingly, the final decree of the trial court will be reversed and the cause remanded for further proceedings.

*Reversed and remanded.*