## Richmond

ANN W. PATE v. SOUTHERN BANK & TRUST COMPANY.

March 4, 1974.

Record No. 730147.

Present, I'Anson, Carrico, Harrison, Cochran, Harman and Poff, JJ.

*Gammiel G. Poindexter (John M. Levy; Greene, Buxton & Poindexter, on brief), for appellant.*

*E. Blay Bryan (L. Mercer Smith, on brief), for appellee.*

HARRISON, J., delivered the opinion of the court.

Ann W. Pate sought to enjoin the enforcement of, and have set aside as fraudulent, a judgment obtained against her by confession in favor of Southern Bank and Trust Company. The court below denied the injunction, finding "that the return of the Sheriff . . . showing service of the notice of the judgment by confession . . . is accurate and . . . has not been impeached". The court held "that the fraud complained of by the plaintiff herein is not extrinsic or collateral to the judgment at law but is such a false or fraudulent act, the truth of which was, or might have been, in issue in the prior proceeding".

On May 9, 1969, in the Law and Equity Court of the City of Richmond, the Bank caused L. M. Smith to confess judgment in its

favor against David A. Pate, Jr. and Ann W. Pate, his wife, for $844.45, with interest, attorneys' fees and costs. The debt is evidenced by a cognovit note dated December 17, 1968, originally made payable to Len Truck and Appliance Company, and allegedly signed by both Pates. The note appointed Mercer Smith and three others as the Pates' attorneys-in-fact to confess judgment thereon in event of default in payment.

The sheriff's return shows that notice of the entry of the judgment against the Pates, required by Code § 8-362, was given them on May 16, 1969, "by leaving a copy of the within confession posted on the front door of their residence 2451 N. 21st St. that being their usual place of abode".

Mrs. Pate contends that her signature on the note is a forgery; that she had no knowledge of the note or judgment until the fall of 1969; and that in May 1969 she resided at 2027 Gilbert Street and not at 2451 N. 21st Street.

The Bank established that the Pates were divorced in February 1971 and that, in a deposition given in the divorce suit, Mrs. Pate said that she and her husband last cohabited as husband and wife on July 20, 1969 at 2451 N. 21st Street. In the present proceeding she explained that she gave July 20, 1969 as the date of desertion because that was when her husband went to Michigan. She further said that she and her husband last cohabited and separated prior to May 1969 at which time she left their dwelling on N. 21st Street and moved to Gilbert Street.

Appellant cites a fundamental principle of law that a court cannot render a personal judgment against an individual unless that court has jurisdiction over the person. Jurisdiction is usually obtained by service of process or notice through personal delivery, publication, substituted service or by posting. Code § 8-356, *et seq.*, provides an additional procedure whereby any person or his attorney-in-fact, acting under any note or bond authorizing confession of judgment, may confess judgment in the appropriate clerk's office whether or not an action is pending. We have upheld the validity of such a judgment where there has been substantial compliance with the statute. *American Bank* v. *National Bank,* 170 Va. 169, 196 S. E. 693 (1938); *Manson* v. *Rawlings,* 112 Va. 384, 71 S. E. 564 (1911); *Saunders* v. *Lipscomb,* 90 Va. 647, 19 S. E. 450 (1894).

However, the entire procedure for confession of judgment by an attorney-in-fact is predicated upon, and presupposes, a *valid authorization* in a note or bond containing the cognovit clause. Without such

authorization the attorney-in-fact is without authority to act and the court is without jurisdiction to enter judgment.

It is of no consequence here that Mrs. Pate did not appear within twenty-one days following notice of the confession and move that the judgment be set aside, as provided by Code § 8-357. Aside from her contention that she received no notice of the confession, the statute permitting judgments by confession clearly contemplates a *valid* signature on the note or bond appointing an attorney-in-fact and authorizing the confession.

Assuming Mrs. Pate's signature to the note was forged, the transaction was a nullity as to her, and she had a complete defense had she responded to the notice of confession. Notwithstanding the forgery could have been investigated had appellant moved to set aside the judgment, her failure to so move does not estop her from maintaining the instant proceeding. She is not estopped because she has raised the crucial question of the court's jurisdiction to have entered a personal judgment against her on May 9, 1969, a judgment that allegedly had its genesis in a fraudulent act committed against her.

Section 8.3-404 of the Code of Virginia states that, "Any *unauthorized signature* is *wholly inoperative* as that of the person whose name is signed unless he ratifies it or is precluded from denying it. . . ." (Italics supplied.) Although in the instant case there was no ratification, the Bank argues that Mrs. Pate is "precluded from denying" that her signature was valid. However, for a person to be precluded from denying that his signature is valid we think it clear that his actions (or inactions) must be such as to mislead another person to his prejudice. Here, the failure of Mrs. Pate to assert her defense of forgery within the twenty-one day period in no way prejudiced the Bank or caused its loss. The Bank's reliance on the forged signature of Mrs. Pate was complete at the time of the forgery.

As a general principle it is accepted that: "Fraud in the procurement of a contract will, if distinctly alleged and clearly proved, vitiate it *ab initio*." 8 Mich. Jur. *Fraud and Deceit* § 31 (1949). And in the case of *Johnson* v. *Alvis*, 159 Va. 229, 233, 165 S. E. 489, 490 (1932), this court said, albeit in dictum: "A defendant confessing judgment is estopped, *in the absence of fraud*, to question its validity on account of irregularities to which he did not object. . . ." (Italics supplied.)

In *Powell* v. *Beneficial Finance Co.*, 213 Va. 647, 194 S. E. 2d 742 (1973), the jurisdiction of the court was not involved. There, one

of Powell's daughters forged his name to a note which was subsequently reduced to judgment by default. Process was served on Powell by delivering his copy of the summons to another daughter who was herself signatory to the forged instrument and a party defendant to the proceeding in which the default judgment was entered. Powell's bill of complaint alleged that he had no knowledge of the service of process or of the entry of the default judgment until a writ of garnishment was served on him. Holding that Powell was entitled to equitable relief if he could prove his case and if he was not otherwise barred, we said:

"But surely, even today, where there coincide in the same case the two grounds asserted here, *i.e.*, a claim that knowledge of proceedings resulting in entry of a default judgment was withheld from a defendant served by substituted process *and* a claim that the judgment was based upon a forged document, a court of equity should be open to the injured party." 213 Va. at 649-50, 194 S. E. 2d at 745.

We hold here that a person cannot be held accountable for a consent judgment which was obtained by virtue of a forged signature to a power of attorney. The only jurisdiction the court had over Mrs. Pate on May 9, 1969, at the time of the entry of the judgment by confession, existed by virtue of her signature on the cognovit note. If, as Mrs. Pate alleges, her signature on that note is a forgery the court was without jurisdiction over her person. Such jurisdiction having been initially lacking, it could not be retroactively conferred by Mrs. Pate's failure to move to set aside the judgment within twenty-one days. And there is no suggestion that Mrs. Pate was guilty of any conduct which would deny her access to a court of equity for any relief to which she is entitled. In view of this holding we do not consider appellant's other assignment of error.

The decree of the lower court is reversed, and the case is remanded to be reinstated on the docket of that court for a hearing on the allegations of appellant's bill for an injunction, if the parties be so advised.

*Reversed and remanded.*