<hr/>

### Simon Z. Kinyon v. Joseph A. Fowler.

Technicality and form are neither required nor expected in the proceedings of justices' courts.

Where parties appeared before a justice and confessed judgment in favor of another, on a demand arising upon contract, for a sum specified, and authorized judgment to be entered thereupon, *held* a substantial acknowledgment of their indebtedness, and sufficient under the statute.

Where two persons thus confessed judgment, and the judgment entry recited that the "parties appeared," it was *held* that this phrase purports that the creditor, as well as the debtors, was present and participated in the proceedings.

*Heard April 12th. Decided April 22d.*

Error to Shiawassee Circuit.

The action was by Kinyon against Fowler, in replevin. Defendant justified as a constable, under an execution issued by Alexander McArthur, a justice of the peace of said county, issued on a judgment rendered in favor of S. Ostrander against the plaintiff and one James Cummin. To prove the judgment the docket of said justice was offered in evidence, containing the following entries:

"In Justice Court. S. Ostrander v. S. Z. Kinyon and James Cummin. Before Alexander McArthur, Esq., a Justice of the Peace in and for the County of Shiawassee.

KINYON v. FOWLER.

To A. McArthur, Esq., one of the Justices of the Peace of the township of Caledonia, in the County of Shiawassee. We hereby confess judgment on a demand arising upon contract, in favor of S. Ostrander, for the sum of one hundred and [six 74-100 dollars damages, and costs of suit, and authorize you to enter judgment against us accordingly.                    S. Z. KINYON,

Dated June 6, 1857.            JAMES CUMMIN.

S. Ostrander v. S. Z. Kinyon and James Cummin. Parties appeared, and judgment entered against the defendant, on a demand arising upon contract, on their confession made in writing, and signed by them in my presence, according to the statute, for

| | |
|---|---|
| Damages, | $106 74 |
| Costs, | 75 |
| June 6, 1857. | $107 49 |

A. McARTHUR, Justice of the Peace."

The plaintiff objected to this evidence:

1st. That the defendants therein named do not confess that they were indebted to the plaintiff upon contract, as required by the statute:

2d. That it does not appear from the rendition of the judgment that the same was rendered by consent of the plaintiff or creditor, as required by the statute.

Which objections were overruled, the entries given in evidence, and the defendant had judgment. Kinyon brought error.

*McCurdy & Raynale*, and *S. T. Parsons*, for plaintiff in error.

*A. & E. Gould*, for defendant in error.

MARTIN Ch. J.:

Technicality and form are neither required or expected in the proceedings of justices' courts. [If the action and

judgment of the court can be clearly ascertained from inspection of the files, and the docket entries required by statute to be made, no technicalities, imperfections or omissions in the entry of the proceedings and judgment will avail to reverse or avoid the judgment. All that is requisite is that the language used. shall be such as will inform a person of ordinary intelligence and mental capacity of the action of the court. To this extent the language must be certain; to require any thing further would prescribe a rule for the guidance of Justices which would render the correct performance of their duties, in very many instances, impossible, by reason of their want of legal knowledge, and which would almost entirely deprive parties compelled to litigate before them of their legal rights.

In the present case there was, therefore, no error in the ruling of the Circuit Judge admitting the justice's docket to prove the confession of judgment in the case of Ostrander v. Kinyon and Cummin.

By § 3655 of Compiled Laws, a justice of the peace is authorized to enter judgment upon confession, with the consent of the creditor, if the debtor shall appear before such justice without process, and confess in writing, signed by him in the presence of such justice, that he is indebted to such creditor upon contract in a certain sum. All this was done in the case of the judgment offered in evidence in this cause. It is true that Kinyon and Cummin did not, in their written confession before the justice, use the words of the statute, and confess that they "were indebted;" but they did substantially the same thing, when they confessed a "judgment" on a demand arising upon contract, in favor of their creditor. Their intention could not be misunderstood.

Now the phrase "confession of judgment" has a popular, as well as a technical signification. As popularly understood, it signifies an acknowledgment of indebtedness, upon

which it is contemplated that a judgment may and will be rendered. So it was understood by Kinyon and Cummin, and by their creditor and the justice; and when the former in writing declared that they "confessed judgment" in favor of Ostrander upon "a demand arising upon contract," they confessed that they were indebted to him upon such a demand. They used the language most usually employed in these instruments.

Nor is there any question but that Ostrander was present when the confession was made and the judgment rendered, and consented thereto. The entry in the justice's docket is that "*the parties* appeared." This imports that the creditor was present as well as the debtors; and that he participated in the proceeding. The word *parties* imports both plaintiff and defendant; and this is too well understood to permit the presumption that the justice, in his docket-entry, intended only to refer to the individuals of the party defendant. The presumption in this case is in accordance with both the legal and popular understanding. If the creditor was present and participating, we cannot presume that he did not assent to the action of the justice in rendering judgment upon the confession; and we certainly know that he has not since repudiated it, for he sued out the execution upon which the property replevied was seized.

The judgment of the Court below is affirmed, with costs.

The other Justices concurred.