THE NORFOLK SOUTHERN RAILROAD COMPANY v. TIMOTHY ELY.

*Draining Low Lands—Condemnation of Land.*

1. Upon an application to condemn lands for the purpose of drainage, the issues of fact raised by the pleadings should be framed and settled by a jury; they cannot be raised or considered upon exceptions to the report of the commissioners appointed to assess damages.

2. The report of commissioners appointed to condemn lands and assess damages for the purpose of drainage is, like the verdict of a jury, conclusive of the facts therein ascertained, until set aside.

This is an APPLICATION TO CONDEMN LAND for drainage, heard upon exceptions to commissioners' report, by *Montgomery, J.,* at Spring Term, 1888, of PASQUOTANK Superior Court.

The plaintiff, a corporation formed and operating under a law of this State, has acquired a right of way and constructed a portion of its railway upon and over a parcel of low land belonging to the defendant, and known as the Great Park Estate, in the County of Pasquotank. It alleges in its petition filed before the Clerk that formerly the surface water accumulating on the road-bed was carried away by a

ditch, called the Hall ditch, and flowed upon land of a lower level on the east, whereby the road-bed was relieved; that the defendant has obstructed the ditch so that it can no longer serve as a means of drainage, and the track is exposed to inundation from falling rains to the great inconvenience of the public, and obstructing the safe and sufficient operations of the road as a carrier of persons and property. The proceeding is under Chapter 30, of the 1st Volume of The Code, and is prosecuted to obtain a right of drainage over the defendant's land, as it has been heretofore exercised until interrupted by the defendant. The application is resisted by the defendant, who in his answer, denies most of the allegations contained in the complaint, and, as a defence, insists that relief could be obtained by the opening of a ditch leading in another direction from the plaintiff's road. Certain issues were thereupon framed and transmitted to the Superior Court for trial, at term time, whereof the only one passed on by the jury was in this form:

Is the land of the plaintiff, mentioned in the petition, so located that it is liable to inundation, and not susceptible of being conveniently drained except by cutting a ditch through the land of the defendant?

To this inquiry the jury responded, "Yes."

Thereupon the Clerk proceeded to appoint commissioners to enter upon and view the lands described in the petition, and lay off the draining ditch along the Hall ditch from the petitioner's land to the low land in which its waters are emptied, and to ascertain and award damages therefor. This was done and report made to the Clerk, to which exceptions were entered, supported by the affidavit of defendant's agent, as follows:

1st. Because the plaintiff in this action is not entitled to the right of laying off a drainage through the defendant's land, and the commissioners have no authority to so report in favor of the plaintiff's right to have the ditch so laid off.

2d. Because the commissioners have reported that the same (to-wit: the railroad track and road bed of plaintiff) cannot be conveniently drained except through the lands of Timothy Ely, whereas the commissioners refused to examine or pass upon another direct outlet urged upon them by the defendant as the most direct and natural drain for the waters collecting on the track of said railroad, claiming that they had no authority to examine or select any other route or way than by the Hall ditch.

3d. That the amount of the assessment of damage is infinitely nothing in comparison to the real damage inflicted."

The Clerk overruled the exceptions and gave judgment confirming the report, and granting the relief asked, from which the defendant appealed to the Judge, who, upon hearing the appeal, dismissed it on petitioner's motion, and from this ruling an appeal is taken by the defendant to this Court.

*Mr. L. D. Starke,* for plaintiff.
*Mr. Harvey Terry,* for defendant.

SMITH, C. J., (after stating the case.)   Whatever issues of fact are made in the pleading should have been framed and settled by the jury, and it was too late to raise them after the verdict upon the one inquiry agreed on by the counsel of the respective parties at the trial before the Judge.

The exceptions are themselves untenable, at least at the stage in the proceeding at which they were filed :

1. No issue was made as to the plaintiff's title when the aid of the jury was required, and the form of that submitted assumes the plaintiff's ownership of the right of way over the land to be relieved, and the testimony set out is confined to that issue.   No objection appears to have been taken to the Clerk's order appointing the commissioners, and

this is necessarily predicated upon the relations of the parties to the action as land owners, for it could not be made unless the petitioner had land to be drained.

The second and third exceptions are matters belonging to the commissioners, whose finding of fact must stand, as would a jury verdict, unless set aside, and then they would have to go over their work again. The exceptions cannot now be heard.

The appeal therefore to this Court cannot bring up for review the errors now assigned, inasmuch as the proper time for noting the exceptions, if any there were, was not made use of, and the appeal is improvidently taken. But inasmuch as dismissing it and affirming the judgment produce the same result in leaving the judgment in full force, it is not necessary to pass upon the particular disposition of the case and the right of appeal at this stage of the proceeding, which has progressed upon the assumption of the respective ownership of the adjoining tracts to a final result.

We therefore affirm the judgment.

Affirmed.