JAMES E. SKINNER and wife v. EMILY CARTER et al.

*Appeal—Special Proceedings—Partition.*

1. The omission in a report of commissioners to make partition of lands to state affirmatively that the allotments in their opinion were equal in value, affects the substantial rights of the parties, and the Clerk or Judge may set it aside with directions, either that the commissioners shall make a re-allotment, or that others shall be appointed to do so.

2. The refusal of the Court to hear affidavits upon a motion to confirm such report is a matter of discretion and not reviewable.

3. An appeal from an order setting aside such report will not be dismissed as premature.

Special proceeding for partition of land, heard before *Whitaker, J.,* on appeal from the Clerk at Spring Term, 1890, of GATES Superior Court.

The defendants had no counsel before the Clerk, and filed no answer to the complaint.

As the record shows, the commissioners were regularly appointed, and met on the premises, and, after being duly sworn, divided the land and made their report　The plaintiffs excepted to the report, as shown by the record.　The Clerk overruled the exception and confirmed the report, from which the plaintiffs appealed to the Superior Court at term.

On the hearing of the appeal, the defendant Caroline Carter employed counsel and moved to dismiss the appeal, because the exception filed was to a finding of fact by the commissioners, which is not a subject of exception.

The Court overruled the motion, and the defendant excepted.

The defendant then moved to remand the report to the commissioners, in order that any defect in the form thereof

might be covered by amendment. This was also refused, and the defendants excepted.

The defendants then asked to be allowed to show by affidavits that the commissioners did in fact estimate the land and divide it according to its value, and that the failure so to show in their report was a mere clerical error, which they ought to be allowed to have corrected. This was also refused, and the defendants excepted.

Counsel for defendants then called the attention of the Court to the fact that the report was drawn by plaintiffs' counsel, who would not state that the commissioners did not in fact estimate the land in their division. Plaintiffs' counsel then stated that, however honest the commissioners may have been in their estimate of the land, he was prepared to show by affidavits that the division was not equal as to value.

The Court stated that it did not desire to hear affidavits on either side, and ordered the cause to be remanded to the Clerk, with instructions to appoint new commissioners to divide the land according to law.

The defendant Caroline Carter excepted, and appealed.

*Mr. S. L. Scull,* for plaintiffs.
*Mr. L. L. Smith,* for appellants.

AVERY, J.—after stating the facts: The procedure in special proceedings, instituted (under the provisions of *The Code,* ch. 47) for partition, or for sale for partition, is the same as where the relief sought in such proceedings is of a different character. *The Code,* § 1923. The rules of practice prescribed by the statute, where petitions are filed for the purpose of opening ditches through swamp lands, are also similar. *The Code,* § 1324. Where exceptions were filed to the report of commissioners appointed to lay off a drainage ditch, this Court compared the findings of fact made by them

to the verdict of a jury, which "must stand, unless set aside."
*Railroad* v. *Ely*, 101 N. C., 8.    In *Railroad* v. *Phillips*, 78
N. C., 50, Justice RODMAN says: "There can be no appeal, in
its ordinary acceptation, from the commissioners to the Supe-
rior Court, for the reason that they make their report directly
to the Superior Court, just as a referee or master does."    It
seems, therefore, that even before the passage of the Act of
1887, ch. 276, which gives to the Judge power, whenever
special proceedings are brought before him by appeal or
otherwise, to make any order that could have been made by
the Clerk, the report of commissioners appointed by the
Clerk was treated by the Judge as if submitted directly to
them, like that of a referee.

It is well settled that where a case is heard on the report
of a referee at term-time, the Court may, in the exercise of
an admitted discretion, set it aside without assigning any
reason for such action.    *Busbee* v. *Surles*, 79 N. C., 51.

But the counsel for the appellant cites and relies upon
section 289 of *The Code*, which provides that "no report or
return made by any commissioners shall be set aside and
sent back *to them* or others for a new report by reason of any
defect or omission not affecting the substantial rights of the
parties, but such defect or omission may be amended by the
Court, or by the commissioners by permission of the Court."
If we concede that the discretionary power extends only to
cases where the defect complained of does not affect a sub-
stantial right, it is obvious that if, in fact, it appeared from
the report of the commissioners that they allotted to each of
the tenants-in-common a share equal in extent but not in
value to that of her co-tenant, or if the report failed to show
affirmatively that the shares were, in their estimation, of
equal value, the error which the Court was attempting to
correct by re-reference was a radical and important one,
involving the question whether they were guided by a just
principle in making the partition.    When such a question

was involved, the Judge might have heard the affidavits both of the defendant and the plaintiff, but he did not deem it best to do so, and no appeal lies from his refusal. Having the power to set aside the report, he might also make any order that could formerly have been made by either the Clerk or the Judge under such circumstances. He might, therefore, have appointed new commissioners, or have ordered those already appointed to act again, or he was empowered to remand the proceedings, with directions to the Clerk to appoint others, as he did. Holding, as we do, that the Judge below had the power to remand to the Clerk, with instruction to appoint other commissioners because the omission of the commissioners affected a substantial right of the plaintiff, we think that the appeal is not premature and the action should not be dismissed for the reason that this case falls under the exception laid down in *Blackwell* v. *McCain*, 105 N. C., 460, that an appeal does lie from interlocutory orders when "it puts an end to the action, or where it may destroy or impair a substantial right of the complaining party to delay his appeal. *The Code*, § 548. There is no error.

Affirmed.