MARY E. HANES v. THE NORTH CAROLINA RAILROAD COMPANY.

*Condemnation of Land—Commissioners' Report—Exceptions.*

1. While a Judge cannot, upon exceptions filed to the report of commissioners appointed to assess damages caused by the location and construction of a railway, alter the report by inserting a different amount as damages, or annul the order appointing the commissioners and submit the matter to a jury; yet he has the discretionary power to confirm or set aside such report, and may recommit the question to the same, or other commissioners, and in aid of this power he may hear affidavits.

2. A report of such commissioners is not invalid because it does not contain a description of the land, as that can be ascertained by reference to the location of the road-bed and right-of-way.

3. The requirement of the statute that the report of the commissioners shall be under seal is directory only.

SPECIAL PROCEEDINGS to assess damages for right-of-way, and heard (on appeal from the Clerk) at February Term, 1891, of FORSYTH Superior Court, before *Bynum, J.*

The report of the commissioners was as follows:

"Obedient to a summons by the Sheriff of Forsyth County, we, the undersigned commissioners, appointed by the Clerk of Forsyth County Superior Court to assess the damages and

benefits resulting to Mary C. Hanes by reason of the construction by the defendant company of a railroad through her lands, being duly sworn, and having viewed the premises, do make the following report: Having taken into consideration the value of the plaintiff's land appropriated for the use of said railroad, and the disadvantages and inconveniences resulting to the plaintiff by reason of the construction of said railroad, we find that the plaintiff Mary C. Hanes is damaged to the amount of twelve hundred dollars ($1,200).

We further find that the benefits arising to the plaintiff from the construction of said railroad are nothing.

Respectfully submitted,

J. A. NIFONG,
C. T. POPE,
THEO. KIMEL,
This 24th day of February, 1890.          *Commissioners."*

The defendant excepted to the report of the commissioners—1st. Because the description of the condemned land was insufficient. 2d. Because the commissioners did not report under seal. 3d. Because "the damage was excessive and out of all proportion to the value of land condemned."

The Clerk made an order confirming the report, and from that order the defendant appealed.

The Judge entered the following judgment: "This cause coming on, etc., all exceptions to said report are overruled, the Court holding the report sufficiently definite; that the requirement that the report should be under seal is directory only." The Court further held, in passing on exception four, that he had no legal power to hear affidavits on the question of damages, nor to submit said question by issue to a jury, but that the act of the commissioners was conclusive as to the amount of damages, there being no power in the Court to review the amount assessed by them. "It is adjudged

that the report be confirmed, and that plaintiff recover $1,200 of defendant, and costs of this action."

The defendant appealed.

*Messrs. Eller & Starbuck* (by brief), for plaintiff.
*Mr. C. Manly,* for defendant.

AVERY, J.: The statute (*The Code*, § 1946) provides that "the Court or *Judge* on the hearing, may direct a new appraisement, modify or confirm the report, or make such order in the premises as to him shall seem right and proper." If under the general statute regulating special proceedings (*The Code*, § 116), the plaintiff had the right before commissioners were appointed to insist that the Clerk should frame an issue involving the question of damages and transmit the case to be tried in term time by a jury, he could not, after acquiescing in the order appointing commissioners and thereby assenting to that mode of trial, reassert and enforce that right after waiving it, and when he discovered that, under the mode of trial agreed to, if not selected by him, the findings were not so favorable to him as he had expected. *Railroad* v. *Parker*, 105 N. C., 246.

"The Judge might have heard the affidavits both of defendant and the plaintiff" as a help or guide in the exercise of the broad discretion given him by the statute. *Skinner* v. *Carter*, 108 N. C., 106. While his refusal to hear them, nothing more appearing, is not necessarily reviewable in this Court, as it would have been presumed that he did so in the exercise of the power conferred by the statute, it was error to refuse to hear the affidavits on the ground that he had no legal power to pass upon them. He had authority unquestionably to set aside the report, and to direct a new appraisement by the same commissioners or others appointed in their stead, on the ground that he thought the damage assessed was excessive, even though we should concede that,

under the ruling of this Court in *Railroad* v. *Ely*, 101 N. C., 8, the Judge could no more modify the findings of the commissioners in that respect by substituting a smaller sum, than he could make the same change in the verdict of the jury. *Skinner* v. *Carter, supra; The Code*, § 1946. He was clothed with the discretionary power to confirm the report, if such course seemed to him in all respects fair and proper, or "to make such order as seemed just," though he could no more annul the order appointing the commissioners, and then direct an issue to be tried by a jury, than he could have vacated a consent order of reference when one of the parties objected. But while the Judge could not have called a jury, in aid of his conscience, to find the facts, how could he ascertain whether it was his duty to set aside the report and direct a new assessment by the same or other commissioners, or to remand the case again for a new assessment, as he might have done (*Skinner* v. *Carter, supra*), unless he was at liberty to hear testimony in the form of affidavits, as on a motion to grant or dissolve an order of injunction, or in other cases where he was empowered to review the facts?

We concur with his Honor in the view that the description was not fatally defective, because the location of the right-of-way could be, and doubtless has been, made certain, so long as the road-bed shall be used, as a given number of feet from the known location of the track on either side. *In certum est, quod certum reddi potest. Beattie* v. *Railroad*, 108 N. C., 425. The requirement of the statute, *The Code*, § 1946, that the commissioners should attach a seal to their signature was unquestionably merely directory, not mandatory, as was declared by the Court below. The Clerk could not more readily vouch for the genuineness of a report, filed by persons selected by him, because a seal was added to the signature, and the failure to append the seal does not in any way affect a substantial right of either of the parties. *The*

*Code,* § 289; *Lineberger* v. *Tidewell,* 104 N. C., 506; *Matthews* v. *Joyce,* 85 N. C., 258. For the error in resting the refusal to hear affidavits upon the ground that he had no legal power to hear them in their bearing upon the question of setting aside the appraisement, the judgment is reversed, and the cause will stand for hearing upon the exceptions to the report of the commissioners filed before the Clerk.

Error.