# Staunton

B. T. JOHNSON, ET ALS. V. R. M. ALVIS.

September 22, 1932.

Present, All the Justices.

The opinion states the case.

*J. L. Dillow* and *W. B. Snidow,* for the plaintiffs in error.

*Forrest Guthrie, Jr.,* and *Williams & Farrier,* for the defendant in error.

GREGORY, J., delivered the opinion of the court.

Final judgment, overruling a motion to quash an execution issued upon a certain confessed judgment, was entered by the trial court. The plaintiffs in error are complaining of said final judgment and contend that the confessed judgment, upon which the execution was issued, is void and that no execution could be issued thereon.

On May 6, 1927, B. T. Johnson, E. G. Johnson, H. C. Johnson and T. C. Johnson, who were the plaintiffs in the trial court, executed a note, payable on demand to R. M. Alvis, for $717.71 with interest. They, as makers, by a provision embodied therein, constituted Bernard Mason their attorney in fact and authorized him, in event of default in its payment, to confess judgment for them in the clerk's office of the Circuit Court of Giles county, in favor of the holder for the amount due thereon, including costs and attorney's fees. The note was not paid when demand was made and on August 24, 1927, Bernard Mason, acting in accordance with the power conferred upon him, confessed judgment for the makers, in favor of Alvis, the payee and holder. An execution was issued on the judgment and the motion to quash the same followed. The trial court overruled the motion and held the judgment valid and binding.

Code, section 6130a, while not providing that the attorney in fact must be appointed by an instrument under seal, does provide that the confession of judgment must be signed and the form of the confession is embodied in the statute. Attached to the concluding part of the form is this: "if by an attorney in fact, signatures and *seals* of debtors. By

———— his (or their) attorney in fact." From this, it is argued, that inasmuch as the form provided by the statute appears to contemplate that the attorney in fact must sign the confession *under seal*, he must be constituted as such by an instrument under seal. In other words, the contention is made that when an agent undertakes to bind his principal by an act, the authority, in point of dignity, must be co-equal with the act.

The note, of course, was not under seal, but the names of the plaintiffs in error were signed to the confession, under seal, by Bernard Mason, their attorney in fact.

Unless made necessary by Code, section 6130a, the warrant or power of attorney to confess the judgment here in question was not required to be under seal. *Coken* v. *Wayne's Ex'r*, 2 Va. L. J. 377; *Alexander* v. *Alexander*, 85 Va. 353, 7 S. E. 335, 1 L. R. A. 125; 15 R. C. L., p. 652; 34 C. J., p. 105.

The pertinent portion of section 6130a is as follows:

"(c) Such confession of judgment may be made either by the debtor himself or by his duly constituted attorney in fact, acting under and by virtue of a warrant duly executed and acknowledged by him as deeds are required to be acknowledged, before any officer or person, authorized to take acknowledgments of writings to be recorded in Virginia; provided, however, that any warrant incorporated in, and made part of any note or bond authorizing the confession of judgment thereon against the makers and indorsers, in the event of default in the payment thereof at maturity, need not be acknowledged, but such warrant shall specifically name therein, the attorney, or attorneys, or other person or persons authorized to confess such judgment and the clerk's office in which the judgment is to be confessed; and any judgment confessed on such note or bond, in accordance with all the other provisions of this act, by either of the persons therein authorized to confess the same, and in the clerk's office therein designated, shall be as final and

binding as if said warrant had been acknowledged by the makers and endorser of such note or bond.

"(d)   On the presentation of any such warrant as is mentioned in paragraph (c) hereof, by either of the persons therein named as attorney in fact, or upon the personal appearance of the debtor or debtors and the expression by him or them of his or their desire to confess such judgment the clerk of the court mentioned in such warrant, or before whom such debtor or debtors shall so appear, shall draw and require the said attorney in fact so appearing, or the debtor or debtors, as the case may be, to sign a confession of judgment * * *."

■■   A note is not required to be executed under seal. It is clear from the language used "that any warrant incorporated in, and made part of any *note* or bond authorizing the confession of judgment * * * need not be acknowledged, but such warrant shall specifically name therein the attorney * * * authorized to confess such judgment and the clerk's office in which the judgment is to be confessed * * *," that the warrant or power of attorney embodied in a note is not required to be executed under seal, and even if the statute be construed to require the confession of judgment to be signed by the attorney in fact *under seal,* then the statute, for the purpose of confessing judgment on a note, changes the familiar principle that when an agent undertakes to bind his principal by an act, his authority, in point of dignity, must be co-equal with the act.

The record discloses that all of the requirements of the statute were complied with in the confession of the judgment.   Bernard Mason was named as the attorney in fact in the note and granted the power to confess the judgment. The clerk's office was designated in which the judgment was to be confessed and the confession of judgment was signed by the attorney on behalf of the debtors.

The legislature is presumed to have known the meaning of the word "note" and that a note is not required to be under seal.   The note in question embodying the power of

attorney was duly signed by the plaintiffs in error. They knew that Bernard Mason was given the power to confess the judgment and they also knew the clerk's office in which it would be done, because these things appear in the note which they signed.

Our conclusion is that the warrant or power of attorney to confess judgment embodied in and made a part of the note is not required by section 6130a, to be executed under seal. But if it be assumed that a seal was required, the plaintiffs in error would be estopped, at this time, to question the validity of the judgment. It was confessed in August, 1927, and not until March, 1932, the time when the present proceeding was instituted by the defendant in error, did they make any move to contest its validity. They knew when the judgment was confessed and yet for approximately five years, with this knowledge, stood by, in silent acquiescence. A defendant confessing judgment is estopped, in the absence of fraud, to question its validity on account of irregularities to which he did not object, or to dispute any facts set forth in the confession, and if, after the entry of the judgment, he ratifies or accepts it, or acquiesces in it, he is estopped to deny the authority on which it was confessed or otherwise to impeach its validity. 34 C. J., p. 129.

The judgment of the trial court is affirmed.

*Affirmed.*