# Staunton

## THE BANK OF CHATHAM v. O. H. ARENDALL.

September 10, 1941.

Record No. 2404.

Present, Campbell, C. J., and Holt, Gregory, Eggleston and Spratley, JJ.

184

The opinion states the case.

*W. G. Vansant* and *Carrington Thompson,* for the plaintiff in error.

*H. T. Clement,* for the defendant in error.

EGGLESTON, J., delivered the opinion of the court.

This writ of error presents for review a final judgment sustaining the motion of O. H. Arendall to quash an execution issued upon a judgment purporting to have been confessed by him and T. S. Arendall in the clerk's office of the Circuit Court of Pittsylvania county on September 7, 1926, in favor of Gammon Grocery Company, Inc., and by it assigned to The Bank of Chatham. The lower court upheld the contention that the confessed judgment failed to comply with the statute (Acts 1922, ch. 440, p. 765, as amended by Acts 1923, Ex. Sess., ch. 162, p. 201, and as further amended by Acts 1926, ch. 448, p. 744[1]), was therefore void, and that no execution could be issued thereon.

The pertinent provisions of the governing statute are copied in the margin.[2]

---

[1] See also, Michie's Code of 1936, § 6130a, which contains the above-mentioned act as further amended by Acts 1934, ch. 298, p. 478; Acts 1936, ch. 158, p. 274, ch. 222, p. 373.

[2] "(a) Any person being indebted to another person, may, at any time confess judgment in the clerk's office of any court of record in this Commonwealth, whether a suit, motion or action be pending therefor or not, for so much principal and interest as his creditor may be willing to accept a judgment for, which judgment, when so confessed, shall be forthwith entered of record by the clerk in whose office it is confessed, in the proper order book of his court, and shall be as final and as binding as though confessed in open court or rendered by the court, subject to the control of the court in which rendered, and may be set aside only for fraud or other like taint.

On September 6, 1926, O. H. Arendall and T. S. Arendall signed and sealed a homestead waiver note in the sum of $1,857.65, payable on demand to the order of Gammon Grocery Company, Inc. Embodied in the note was a statement or declaration to the clerk of the Circuit Court of Pittsylvania county that the makers were "justly indebted to Gammon Grocery Co., in the sum of $1,857.65, with interest thereon from date, as to which debt we hereby waive the benefit of the homestead and all other exemptions; and do hereby constitute and appoint Frank Marshall true and lawful attorney in fact, and with full power and authority hereby given to appear before you in your said office and for us to confess judgment before you therein against us in favor of the payee of this note, or assigns, for said sum of money with interest thereon from date until paid, together with the cost of confessing and entering up said judgment."

On September 7, 1926, the clerk of the court issued process in proper form against the makers of the note summoning them to appear at the first October 1926 rules to answer an action of debt instituted against them by the payee in the note for the said sum of money.

"(b) The clerk shall enter on the margin of the record of such judgment, the day and hour when the same was confessed, and the lien thereof shall attach and be binding from the time of such confession so entered.

"(c) Such confession of judgment may be made either by the debtor himself or by his duly constituted attorney in fact, acting under and by virtue of a warrant duly executed and acknowledged by him as deeds are required to be acknowledged, before any officer or person authorized to take acknowledgments of writings to be recorded in Virginia; provided, however, that any warrant incorporated in, and made part of any note or bond authorizing the confession of judgment thereon against the makers and endorsers, in the event of default in the payment thereof at maturity, need not be acknowledged, but such warrant shall specifically name therein the attorney, or attorneys, or other person or persons authorized to confess such judgment and the clerk's office in which the judgment is to be confessed; and any judgment confessed on such note or bond, in accordance with all the other provisions of this act, by either of the persons therein authorized to confess the same, and in the clerk's office therein designated, shall be as final and binding as if said warrant had been acknowledged by the makers and endorsers of such note or bond.

The following endorsement was then made on the back of the process:

"We acknowledge legal service of the within summons and confess a judgment in favor of the plaintiff for the sum of One thousand eight hundred and fifty-seven dollars and sixty-five cents with interest thereon at the rate of six per centum per annum from the 6 day of September 1926 till paid and the costs upon an instrument waiving the homestead and all other exemptions.

"This 7 day of September 1926 at two o'clock P. M.

"O. H. ARENDALL<br>
"T. S. ARENDALL<br>
"By FRANK MARSHALL<br>
their atty. in fact."

There was also endorsed on the back of the process in the handwriting of the clerk the following unsigned memorandum:

"(d) On the presentation of any such warrant as is mentioned in paragraph (c) hereof, by either of the persons therein named as attorney in fact, or upon the personal appearance of the debtor or debtors and the expression by him or them of his or their desire to confess such judgment, the clerk of the court mentioned in such warrant, or before whom such debtor or debtors shall so appear, shall draw and require the said attorney in fact so appearing, or the debtor or debtors, as the case may be, to sign a confession of judgment, which shall be in form substantially as follows:

"'Virginia: In the clerk's office of the ............ court of the ............ of ..............

I, (or we) A. B. (or A. B. and C. D., et cetera) hereby acknowledge myself (or ourselves) to be justly indebted to, and do hereby confess judgment in favor of (name of creditor) in the sum of ............ dollars ($........) with interest thereon from the ........day of ............, nineteen hundred and ........, until paid, and the costs of this proceeding (including the attorney's fees and collection fees provided for in the instrument on which the proceeding is based), hereby waiving the benefit of my (or our) homestead exemptions as to the same, provided the instrument on which the proceeding is based carries such homestead waiver.

"Gammon Grocery Co. Inc.

    *v.*

"Arendall, O. H. &c.

To 1 Oct. Rules, 1926

"1926 Sept. 7 at 2 o'clock P. M. Judgment Confessed.

"Clerk    $3.25

"Tax      2.40

        5.65

      1926 Septr. 7 *fi fa.*"

The clerk then entered in a book designated as "Clerk's Order Book of Judgments Confessed No. 1, at page 163," the following order:

"Virginia:

"In the Clerk's office of the Circuit Court for the County of Pittsylvania at the Courthouse thereof on

        Given under my (or our) hand.. and seal.., this ........ day of ............, nineteen hundred and ........
                      (Signatures and seals)'

or, if by an attorney in fact, signatures and seals of debtors,
                By....,............................
                his (or their) attorney in fact.

    "(e) When a judgment is so confessed, the clerk shall endorse upon such confession, or attach thereto, his certificate in manner and form substantially as follows:
        "'Virginia: In the clerk's office of the ............ court of the ............ of .............
        The foregoing (or attached) judgment was duly confessed before me in my said office on the ........ day of ............, nineteen hundred and ........, at ........ o'clock ........ meridian, and has been duly entered of record in common law order book number ........, page ........
                Teste:
        ................................, Clerk.'"

Tuesday the 7th day of September, 1926, at two o'clock P. M.

"Gammon Grocery Co., Inc., plaintiff
  *against*
"O. H. Arendall & T. S. Arendall, defendants.

## IN DEBT

Summons

"This day came as well the plaintiff as the defendants by Frank Marshall their attorney in fact and thereupon the said defendants by their attorney in fact as aforesaid, acting under a power of attorney under the hands and seals of the said defendants confessed a judgment in favor of the plaintiff for the sum of One Thousand eight hundred fifty-seven dollars and sixty-five cents with interest thereon at the rate of six per centum per annum from the 6th day of September 1926 till paid and costs which the plaintiff is willing to accept. Thereupon it is considered that the plaintiff recover of the defendants the sum of $1,857.65 with interest thereon at the rate of six per cent per annum from the 6th day of September 1926 till paid upon an instrument waiving the homestead and all other exemptions, and its costs by it about its suit in this behalf expended and the said defendants in mercy, etc.

"Teste:
"S. S. HURT, Clerk."

Original execution was issued on the judgment on September 7, 1926, and was returned "No effects." Subsequently the Gammon Grocery Company, Inc., assigned the judgment to The Bank of Chatham, which had an alias execution issued thereon August 19, 1940, returnable to the second Monday in November, 1940. It is the

final judgment quashing this execution which is now before us.

The first contention of the judgment debtor is that the judgment is not confessed and executed in the form prescribed by section (d) of the statute.

It will be observed that this section provides that the clerk shall require the debtor or his attorney in fact to "sign a confession of judgment, which shall be in form *substantially* as follows". (Italics supplied.) Then follows the prescribed form. The question is, whether the form of confession signed is "substantially" the same as that set out in the statute. In our opinion it is.

Webster's New International Dictionary, 2d Ed., defines "substantial" to be "important; essential; material." See also, *Yeary* v. *Holbrook*, 171 Va. 266, 287, 198 S. E. 441, 450.

In *People* v. *Chicago & E. I. R. Co.*, 296 Ill. 246, 129 N. E. 846, 848, it was held that a ballot which contained the "substance or main features" of the form set out in the statute met the requirement that it be "substantially" in that form.

The form of confession before us contains the following essentials found in the form prescribed by the statute: There is a confession of judgment in favor of the designated plaintiff; such confession is for an exact sum of money with interest thereon at a specified rate from a specified date until paid and the costs of the proceeding; there is a statement that it is based upon an instrument waiving the homestead exemption; the date and time of the confession is stated; and it is signed on behalf of the judgment debtors by the attorney in fact named in the note.

The form of confession fails to comply with the statutory form in the following particulars: (1) The name of the clerk's office wherein the confession is made is not stated; (2) it fails to "acknowledge" that the debtors are "justly indebted to" the named creditor; and (3)

the seals following the debtors' signatures are omitted. But, in our opinion, these do not invalidate the confession.

■ The power of attorney authorizes the attorney in fact to make the confession in the clerk's office of the Circuit Court of Pittsylvania county. While such authority must be strictly pursued (31 Am. Jur., Judgments, §482, p. 116), in the absence of proof to the contrary the presumption is that the agent performed his duty in the authorized manner. 2 Am. Jur., Agency, §442, p. 350; 3 C. J. S., Agency, §318, pp. 265-6, and cases there cited.

In the case before us there is no claim that the confession was executed elsewhere than in the clerk's office designated in the power of attorney. On the contrary, the order entered by the clerk and made a part of the record shows that the judgment was confessed in the proper clerk's office. (*Cf. Bank of Marion* v. *Spence,* 155 Va. 51, 154 S. E. 488.)

■ Neither do we think that the failure of the confession to state that the debtors are "justly indebted to" the creditor invalidated the confession of judgment. It is true that one may be indebted to a creditor at the time a note is executed and may not be indebted at the time of the purported confession of judgment, for the debt may have been paid in the meantime. But a confession of judgment is substantially an acknowledgment that the debt is justly due. *Kinyon* v. *Fowler,* 10 Mich. 16, 17. Here there is no claim that the debt was paid or discharged between the time the note was executed and the judgment was confessed. The note was dated on September 6, was payable on demand, and judgment was confessed on the next day at two p. m. Manifestly, the note was executed in this form in order that judgment thereon might be confessed immediately after its delivery.

This brings us to the question as to whether the omission of the seals after the debtors' signatures invalidated the confession.

In 56 Corpus Juris, Seals, §2, pp. 890-1, it is said: "Seals are of great antiquity, their use beginning at a time when writing was not common but when every individual possessed a coat-of-arms or other distinctive device, and in early times much importance attached to their employment as a means of distinguishing the person. However, with the growth of education, the signature to an instrument has now become more important than the seal, and seals have lost their former dignity and importance and have been retained merely or principally for the purpose of authenticating documents, thereby adding 'fictitious dignity' to such documents." See also, 2 Minor's Institutes, 2d Ed., pp. 651, 652; *Cromwell* v. *Tate's Ex'or,* 7 Leigh (34 Va.) 301, 304, 30 Am. Dec. 506.

In this State affixing a seal to a signature to a deed gives solemnity to the act. *Jones & Temple* v. *Logwood,* 1 Wash. (1 Va.) 43, 44.

At law a seal imports a consideration for the promise embodied in the instrument. *Morris* v. *Bragg,* 155 Va. 912, 920, 156 S. E. 381; *Georgeton* v. *Reynolds,* 161 Va. 164, 173, 170 S. E. 741; *Wilson* v. *Butt,* 168 Va. 259, 269, 190 S. E. 260, 264, 109 A. L. R. 1434.

In the absence of statutory requirement a power of attorney to confess judgment need not be under seal. *Johnson* v. *Alvis,* 159 Va. 229, 231, 165 S. E. 489, and authorities there cited.

The same is true of the confession itself. In the case at bar affixing the seals to the signatures of the judgment debtors would have added nothing to the confession. Authentication of their signatures was not necessary since they were signed by the attorney in fact in the presence of the clerk. The fact that the debt was due and that the note was executed under seal furnished the necessary consideration for the confession of the judgment.

Therefore, since the addition of the seals to the debtors' signatures added nothing to the confession of the

judgment, the omission in no way detracted therefrom.

In *Lineberger* v. *Tidwell,* 104 N. C. 506, 10 S. E. 758, the court had under consideration the validity of a certificate of privy examination of a married woman attached to a deed. The North Carolina Code, §1246, subsection 7, provided that such a certificate should be "substantially" in accordance with the form therein set out. The prescribed form required that the certificate be signed and sealed by the officer. The certificate under consideration failed to carry the seal of the justice of the peace. It was held that the omission of the seal did not invalidate the certificate for the reason that the justice of the peace who signed the certificate had qualified in the clerk's office where the deed was to be recorded, that the clerk was presumed to know the officer's signature, and that the addition of the seal thereto added nothing to its genuineness. Hence, the court concluded that the certificate was "substantially" in the form prescribed by the statute although the required seal was lacking.

In *Hanes* v. *North Carolina R. Co.,* 109 N. C. 490, 13 S. E. 896, it was held that the failure of commissioners in condemnation proceedings to affix seals to their signatures, as required by the North Carolina Code, §1946, did not invalidate their report since the seals added nothing to the genuineness of the report and the omission in no way affected any substantial right of the parties.

The view which we entertain is confirmed by an examination of the history of the statute.

Section (c) of the Acts of 1922, ch. 440, p. 765, contained a form of power of attorney to confess judgment. This form required the seal of the judgment debtor.

Section (d) of the Acts of 1922, ch. 440, p. 765, prescribed a form which required the confession to be under seal. Hence, when the confession was by an attorney in fact, under seal, his authority was co-equal with his act.

In the amendment to section (c) by the Acts of 1923, ch. 162, p. 201, the prescribed form of the power of attorney was entirely eliminated, while the form of confession prescribed in section (d), with the requirement that it be executed and sealed, was retained. The anomalous result of this was that the attorney in fact of the judgment debtor was required to execute the confession under seal although he lacked the necessary sealed authority to do so. This situation was commented on by Mr. Justice Gregory in *Johnson* v. *Alvis, supra.*

Subsequently this situation, manifestly due to inadvertence, was corrected by the amendment of Acts 1934, ch. 298, p. 478, which removed the unnecessary requirement that the confession be under seal.

On the whole, our conclusion is that the form of confession of judgment in the case at bar is "substantially" that prescribed by the statute.

The next contention of the judgment debtor is that the clerk failed to "endorse upon such confession, or attach thereto" the certificate required by section (e) of the act. This section prescribes the form of certificate which must be "substantially" followed.

It is argued that the clerk's certificate found in the record before us does not follow the prescribed form and is signally defective in that it is not signed by the clerk.

The endorsement immediately following the confession of judgment contains all of the essentials required by the statute except the clerk's signature. But the failure of the clerk to sign the certificate does not invalidate the judgment, for it is well settled that his duties in connection with the entry and recordation of a confessed judgment are directory only and not mandatory. Freeman on Judgments, 5th Ed., Vol. III, §1335, p. 2749.

In *Shadrack's Adm'r* v. *Woolfolk,* 32 Gratt. (73 Va.) 707, it was held that the provision in the statute (Code, §6130) requiring that the judgment be "entered of record by the clerk in the order or minute book" was only

directory, and that the omission of the clerk to comply with that requirement, or, indeed, his failure to enter the confession on any other book in his office, would not vitiate the judgment. See also, *Saunders* v. *Lipscomb,* 90 Va. 647, 652, 19 S. E. 450; *Manson & Shell* v. *Rawlings' Ex'rs,* 112 Va. 384, 387, 71 S. E. 564.

In *American Bank & Trust Co.* v. *National Bank of Suffolk,* 170 Va. 169, 176, 196 S. E. 693, 695, we held that the failure of the clerk to enter in the proper order book a judgment confessed before him under the statute now before us, did not invalidate the judgment. The same is true, we think, of the requirement that he "endorse upon such confession, or attach thereto" a certificate in the form prescribed in section (e).

In our opinion, the judgment is valid and the lower court erred in quashing the execution issued thereon. The judgment under review will be reversed and a final judgment will be entered here dismissing the motion to quash the execution.

*Reversed and final judgment.*