John G. Sellers and Florence B. Sellers v. Commissioner.
Sellers v. Commissioner
Docket No. 1149-62.
United States Tax Court
T.C. Memo 1963-263; 1963 Tax Ct. Memo LEXIS 84; 22 T.C.M. (CCH) 1327; T.C.M. (RIA) 63263; September 26, 1963
Lester I. Bowman, Union Trust Bldg., Petersburg, Va., for the petitioners. Douglas O. Tice, Jr., for the respondent. SCOTT Memorandum Opinion SCOTT, Judge: Respondent determined deficiencies in petitioners' income tax for the calendar years 1958, 1959, and 1960 in the amounts of $3,124.87, $2,838.82, and $2,920.04, respectively. The issue for decision is whether petitioners are entitled to a deduction in each of the years here involved as interest paid for amounts which they paid to a trustee of short-term inter vivos trusts with *85 respect to promissory notes held by the trustee. All of the facts have been stipulated and are found accordingly. Petitioners, husband and wife residing in Norfolk, Virginia, filed joint Federal income tax returns for the calendar years 1958, 1959, and 1960 with the district director of internal revenue at Richmond, Virginia. Petitioners are father and mother of three sons: Thomas Bradshaw Sellers, John Greaton Sellers, Jr., and James Haywood Sellers. During the years here involved each of petitioners' sons was under the age of 21 years. Frank E. Sellers, the brother of John G. Sellers (hereinafter referred to as petitioner), is an attorney at law and is president and sole stockholder of Tidewater Business Enterprises, Inc., Light Service Corporation, and Time, Incorporated, each of which is a Virginia corporation. On September 27, 1957, petitioner as settlor and Frank E. Sellers as trustee signed four trust indentures, three with a stated corpus of $18,000 each and one with a stated corpus of $30,000. One of the trust indentures with a stated corpus of $18,000 named as the beneficiary Thomas Bradshaw Sellers, another named John Greaton Sellers, Jr. and Thomas Bradshaw Sellers, *86 and the third named James Haywood Sellers. The trust indenture with a stated amount of corpus of $30,000 named as beneficiary John Greaton Sellers, Jr. Except for the beneficiaries named and the amount of corpus stated to be transferred each of the four indentures contains substantially the same provisions. Each provides that the trustee is to pay the income of the trust to or for the benefit of the named beneficiary. Each trust has a normal termination 15 years from the date of execution but will terminate immediately upon the death of its beneficiary or in the case of the trust for two beneficiaries upon the death of either beneficiary, but if the settlor and his wife are deceased on the normal termination date of each trust, the trust will continue until the beneficiary reaches the age of 21 years. Upon termination of each trust the beneficiary or his estate is to receive the accumulated income and the trust principal is to return to petitioner or his estate. Each trust indenture provides that none of the income shall be used or applied in satisfaction of the settlor's obligation to support, maintain and care for any minor. Each trust indenture specifically provides that the trust *87 created shall be irrevocable and that the settlor shall not have any power at any time to alter, amend, revise, revoke or terminate any of the provisions of the trust indenture. On December 30, 1957, Frank E. Sellers as president of Light Service Corporation, Time, Incorporated, and Tidewater Business Enterprises, Inc., drew a check on each corporation in the amount of $18,000 payable to petitioner. On the same date Frank E. Sellers as president of Tidewater Business Enterprises, Inc., drew a check on that corporation in the amount of $30,000, payable to petitioner. Each of the four checks was transferred to petitioner and deposited by him in his personal account in the Seaboard Citizens National Bank, and each check was honored upon presentment for payment. On December 30, 1957, there were delivered to Frank E. Sellers as president of the three corporations, upon his drawing the checks in petitioner's favor, four instruments in the form of negotiable promissory notes, three of which bore the date December 30, 1957 and three of which stated in part: On demand FOR VALUE RECEIVED the undersigned jointly and severally promise to pay BEARER, or order, negotiable and payable without *88 offset, at the office of Frank E. Sellers, Attorney, Norfolk, Virginia. Eighteen Thousand and no/100… Dollars having deposited herewith and assigned as collateral security for the payment of this and other liability of the maker * * * the following property, the market value of which is $18,000.00: viz: Various listed stocks * * *. Each of these instruments contained provisions with respect to the collection of dividends on the collateral, rehypothecation of the collateral, sale of the collateral, and waiver of the benefit of Homestead Exemption; and each document had upon it the statement, "Interest 6% per annum, payable in advance," and was signed by petitioner, after whose signature there appeared in parentheses the word "seal." On December 30, 1957 there was also delivered to Frank E. Sellers as president of Tidewater Business Enterprises, Inc., a document dated June 1, 1957 which stated in part: For value received, I, we, or either of us, jointly and severally, promise to pay to the order of Tidewater Business Enterprises, Incorporated at such place as the holder may designate in writing, in lawful money of the United States of America, the principal sum of Thirty Thousand *89 and no/100 Dollars, with interest thereon at Six (6) percent, per annum from date in advance on the whole amount of said principal sum remaining unpaid from time to time. The said principal sum shall be paid June 1, 1968. The instrument further contained recitations with respect to interest in the event of failure to pay principal or interest at its maturity, payment of additional sum in the event it were necessary to place the instrument in the hands of an attorney for collection, the effect of an extension of time for payment, the waiver of presentment for payment and of homestead rights, and then contained the following: This note and interest are secured by a deed of trust of even date conveying property in Norfolk, Virginia, and this note is to be construed according to the laws of Virginia. Given under our hands and seals. The instrument is signed by John G. Sellers and Florence B. Sellers, and after each signature appears in parentheses the word, "seal." Following petitioners' signatures the instrument contains a statement, "This note and interest are secured by a deed of trust of even date herewith, and one of the trustees signs herewith for the purpose of identification *90 only" and is signed upon a line designated "Local Trustee." On December 30, 1957, petitioner drew on his checking account in the Seaboard Citizens National Bank two checks each in the amount of $18,000 and one check in the amount of $30,000, and on January 3, 1958, petitioner drew another check in the amount of $18,000 each of these four checks being made payable to "Frank E. Sellers, Trustee". One of the checks for $18,000 carried the statement "For John Tommy Trust", another "Gift to Thomas B. Sellers Trust", and the third "Gift to James B. Sellers Trust". The check for $30,000 had thereon "Gift to John G. Sellers, Jr. Trust". Each of these checks was deposited by Frank G. Sellers in his trustee account in the Seaboard Citizens National Bank and was honored upon presentation for payment. On January 7, 1958, Frank E. Sellers drew on his trustee's account in the Seaboard Citizens National Bank three checks for $18,000, one payable to the Lights Service Corporation, one to Time, Incorporated, and the other to Tidewater Business Enterprises, Inc., and a $30,000 check payable to Tidewater Business Enterprises, Inc. Each of these checks was deposited to the bank account of the corporation *91 to which it was made payable and was honored upon presentation for payment. Upon receipt by each of the corporations, Light Service Corporation, Time, Incorporated, and Tidewater Business Enterprises, Inc., of the $18,000 check drawn in its favor by Frank E. Sellers as trustee, each of these corporations transferred to Frank E. Sellers as Trustee the document dated December 30, 1957, signed by petitioner and providing for payment on demand to bearer of $18,000 heretofore described. Upon receipt of the $30,000 check Tidewater Business Enterprises, Inc., transferred to Frank E. Sellers as Trustee the document signed by petitioners and stating a promise to pay to that corporation $30,000 as heretofore described. In the years 1958, 1959, and 1960 petitioner paid to Frank E. Sellers as trustee of the trust indentures the amounts of $5,040.10, $5,040, and $5,400, respectively. Petitioners on their joint income tax returns claimed these amounts as deductions for interest paid. Respondent in his notice of deficiency disallowed the claimed deductions for interest paid to Frank E. Sellers, as trustee, in each of the years 1958, 1959, and 1960, with the explanation in each year that "It *92 has been determined that 'interest' paid to trusts for your minor children is not allowable within the purview of section 163(a) of the Internal Revenue Code of 1954." Even though in the acquisition by the trustee of each of the trusts created by petitioner of petitioner's promissory note a number of documents were transferred, it is clear that the substance of the transaction is no different than if petitioner had directly transferred his promissory notes to the various trusts. Petitioners in effect recognize this fact but contend that under Virginia law the notes created an enforceable obligation and therefore the interest paid thereon is deductible. Respondent takes the position that since the notes were gifts without consideration, they do not constitute enforceable obligations under Virginia law and therefore the interest paid thereon is not deductible. Section 163(a) of the Internal Revenue Code of 1954[1] provides for the deduction of interest paid on indebtedness. Indebtedness as used in this section [2] has been defined as an unconditional obligation, payment of which is enforceable. It has been held that where a note or other *93 evidence of indebtedness is a gift, the interest paid with respect thereto is deductible if in fact there exists an enforceable debt under the law of the state which governs the transaction. Preston v. Commissioner, 132 F. 2d 763 (C.A. 2, 1942), and Commissioner v. Park, 113 F. 2d 352 (C.A. 3, 1940), affirming 38 B.T.A. 1118 (1938). On the other hand, if a note given without consideration is not enforceable under the laws of the state in which it is given, the interest paid is not on an indebtedness and is therefore not deductible. Julius G. Day, 42 B.T.A. 109 (1940), affirmed per curiam 121 F. 2d 856 (C.A. 2, 1941), and Brown v. Commissioner, 241 F. 2d 827 (C.A. 8, 1957), affirming 25 T.C. 920 (1956). Cf. First National Co., 32 T.C. 798, 807 (1959), reversed on other grounds, 289 F. 2d 861 (C.A. 6, 1961). The issue therefore resolves itself to whether the instruments here involved were enforceable obligations, thus creating an indebtedness under the laws of the State of Virginia. *94 Chapter 10 of Title VI of the Code of Virginia Annotated (sections 6-353 through 6-549) contains the Virginia provisions as to the law of negotiable instruments, which are in general the provisions of the Uniform Negotiable Instruments Law. Section 6-358 provides that the validity and negotiable character of an instrument are not affected by the fact that it bears a seal. Section 6-376 provides that every negotiable instrument is deemed prima facie to have been issued for a valuable consideration and section 6-380 provides that absence or failure of consideration is a matter of defense as against any person not a holder in due course. There has not been called to our attention, nor have we found, any Virginia case dealing directly with the question whether the provisions of section 6-376 and section 6-380 are applicable to a negotiable instrument which bears a seal or whether a seal upon a negotiable instrument imports consideration. This question has arisen in numerous states other than Virginia, whose law of negotiable instruments is, as it is in Virginia, the Uniform Negotiable Instruments Law. The courts of the great majority of the states in which the issue has arisen have *95 held that since the enactment of the Uniform Negotiable Instruments Law, absence or failure of consideration is a valid defense to a negotiable instrument under seal. Mills v. Bonin, 239 N.C. 498, 80 S.E. 2d 365 (1954); Florida Nat. Bank & Trust Co. of Miami v. Brown, 47 S. 2d 748, 760 (Fla. 1949); Italo - Petroleum Corporation of America v. Hannigan, 40 Del. 534, 14 A. 2d 401 (Del. 1940); Citizens' Bank of Blackely v. Hall, 179 Ga. 662, 177 S.E. 496 (1934); Citizens' Nat. Bank of Pocomoke City v. Custis, 153 Md. 235138 A. 261 (1927). In Citizens' Nat. Bank of Pocomoke City v. Custis, supra, the Court reached the conclusion that the absence or failure of consideration was a good defense to a negotiable instrument under seal for the following reasons: The obvious meaning of the Negotiable Instruments Act was to confer negotiability upon any instrument of writing which, although sealed, possessed the essentials of a negotiable paper. The statute enacted in explicit terms that, so far as its validity and negotiable character are concerned, the instrument is not affected by its bearing a seal. In other words, *96 the instrument being otherwise negotiable, the seal will be disregarded as interposing any bar to full negotiability. Thus the instrument becomes a statutory negotiable paper, and, by a statutory conversion, loses its position and quality as a specialty to the extent both of its negotiable characteristics and of its validity or legal sufficiency as a negotiable instrument. So, as a negotiable instrument, the paper writing in the instant case is the statutory equivalent of a negotiable promissory note, and therefore it must be assumed that the parties who are charged with knowledge of the law understood that the obligation was negotiable, and that their relative rights and liabilities would be construed and determined by the provisions of the Negotiable Instruments Act. Vanderford v. Farmers' Bank, 105 Md. 164, 168, 169, 66 A. 47, 10 L.R.A. (N.S.) 129; Arnd v. Heckert, 108 Md. 300, 302, 70 A. 416; Dever v. Silver, 135 Md. 355, 362, 109 A. 67. By the express terms of this statute, the note now before the court is deemed prima facie to have been issued for a valuable consideration, and the maker to have become a party to the note for value, but absence *97 or total or partial failure of consideration is a matter of defense as between the parties or to any person not a holder in due course. * * * The Negotiable Instruments Act therefore abolishes the conclusive presumption of consideration for a sealed instrument which is otherwise negotiable, but gives to every negotiable paper, whether with or without a seal, the prima facie presumption that it was issued for a valuable consideration and that every person whose signature appears thereon becomes a party thereto for value, subject, however, to the right of the maker, as against any person not a holder in due course, to show affirmatively the consideration to be absent, as in the case of a gift, or to have failed in whole or in part. * * * The only cases to which our attention has been directed that hold that a seal on a negotiable instrument conclusively imports consideration are Pennsylvania cases. Balliet v. Fetter, 314 Pa. 284, 171 A. 466 (1934), and Otto v. Powers, 177 Pa. Super. 253, 110 A. 2d 847 (1955). In the case of Colley v. Summers Parrott Hardware Co., 119 Va. 439, 89 S.E. 906 (1916), the Supreme Court of Appeals of Virginia stated *98 with respect to the interpretation of the Virginia Negotiable Instruments Law: * * * that the purpose and policy of the Negotiable Instruments Law should not be wholly disregarded by us, and, furthermore, that in giving recognition to that purpose and policy we should not be unmindful of the course of decision which already prevails in a majority of the states having substantially the same statutory law upon this subject. Uniformity of interpretation and enforcement is no less important than uniformity of enactment. In our opinion under the law of Virginia a note under seal which was given without consideration is unenforceable against the maker except by a holder in due course. Since the notes involved herein were given without consideration and are unenforceable, they do not constitute an indebtedness. Therefore, interest paid with respect thereto is not deductible under section 163(a) of the Internal Revenue Code of 1954. Petitioner points out that where not repugnant to the principles of the Bill of Rights and Constitution of the State or as altered by the General Assembly, the common law of England still prevails in the State of Virginia and directs *99 attention to certain Virginia cases dealing with contracts other than negotiable instruments which hold that under Virginia law a contract under seal imports consideration. Watkins v. Robertson, 105 Va. 269, 54 S.E. 33 (1906); Turner & Happersett v. Hall & Connor, 128 Va. 247, 104 S.E. 861 (1920); Harris v. McKay, 138 Va. 448, 122 S.E. 137 (1924); Morris v. Bragg, 155 Va. 912, 156 S.E. 381 (1931); Wilson v. Butt, 168 Va. 259, 190 S.E. 26 (1937); and Bank of Chatham v. Arendall, 178 Va. 183, 16 S.E. 352 (1941). [3] These cases are not applicable in the instant case since in the instant case the statute of Virginia has changed the rules with respect to consideration in the case of negotiable instruments to provide that every negotiable instrument is deemed prima facie to have been issued for valuable consideration but that absence of consideration is a matter of defense as against any person not a holder in due course. *100 At one point in petitioners' argument reference is made to the fact that the $30,000 note was secured by a deed of trust. It is not clear whether petitioners intend to contend that this fact imports consideration to that note as distinguished from their general contention that the note being under seal imports consideration. In Waller v. Eanes' Adm'r, 156 Va. 389, 157 S.E. 721 (1931), the Court held that a deed of trust was unenforceable where the debt secured by it was unenforceable. In our opinion the fact that the $30,000 note stated on its face that it was secured by a deed of trust does not cause the note to be enforceable where, as here, the evidence clearly shows that the note was given without consideration. Decision will be entered for the respondent. Footnotes
1. SEC. 163. INTEREST (a) General Rule. - There shall be allowed as a deduction all interest paid or accrued within the taxable year on indebtedness. ↩
2. Sec. 163(a), I.R.C. 1954 is substantially similar to sec. 23(b), I.R.C. 1939↩.
3. The issue in Bank of Chatham v. Arendall, 178 Va. 183, 16 S.E. 2d 352↩ (1941), was the validity of a judgment entered upon confession by an attorney in fact. The seal was omitted after the signature of the debtors by their attorney in fact and in passing on the issue raised in connection with this omission the Court discussed the Virginia law generally with respect to instruments under seal. In the course of its discussion of the failure of the confession of judgment to be under seal the Court stated, "The fact that the debt was due and that the note was executed under seal furnished the necessary consideration for the confession of the judgment." Neither party takes the position that this statement decides the question of the import of a negotiable instrument under seal in Virginia, and we think it clear that it does not.