6

## CIRCUIT COURT OF FAIRFAX COUNTY

Cardinal Concrete Co., Inc.

v.

David M. White

March 4, 1993

Case No. (Law) 119851

BY JUDGE ROSEMARIE ANNUNZIATA

The parties in this case entered into a promissory note by which the debtor, David M. White, promised to pay Cardinal Concrete, Inc., the sum of One Hundred Sixty Four Thousand Two Hundred Ten Dollars and Fifty Cents. The note also contained a power of attorney which was executed for the purposes of confessing judgment. The provisions, in pertinent part, are stated as follows:

> Cardinal Concrete Company does hereby constitute and appoint Paul B. Terpak his true and lawful attorney in fact, and with full power and authority hereby given to appear before the Clerk of the Circuit Court of Fairfax County, Virginia, or other appropriate official upon default in the payment of any installment of this note, and to Confess Judgment in said court against the undersigned David M. White, in favor of Cardinal Concrete Company, for the entire unpaid balance of this note plus interest.

The debtor executed the power of attorney, while Cardinal Concrete did not. The debtor now seeks to set aside the Confession of Judgment executed pursuant to the power of attorney, contending that the creditor, Cardinal Concrete, and not he, appointed the attorney-in-fact. The debtor also argues that the attorney-in-fact failed to sign the provisions in the note appointing him to that status in violation of Va. Code § 8.01–441.

The defendant debtor's motion to set aside the confession of judgment is denied for the following reasons.

A power of attorney is an instrument creating an agency relationship. *See Stainback v. Read & Company*, 11 Gratt. (52 Va.) 281, 286 (1854). By that instrument, the principal confers upon the agent the authority to perform certain acts on his behalf. *Id*; *see also Insurance Co. v. Barley*, 57 Va. (16 Gratt.) 363, 373 (1863).

In the present case, the agency relationship between the debtor and the attorney-in-fact may be deemed created under the following principle of law: where one without authority assumes to act on behalf of another as his agent, the latter may adopt the act by ratifying or confirming it. *Virginia Pocahontas C. Co. v. Lambert*, 107 Va. 368, 371–372 (1907). *See also Security L. & T. Co. v. Powell*, 119 Va. 231, 236 (1916); Restatement, Agency 2d § 82 (1943). Here, even were Cardinal Concrete found to have acted without authority in designating Mr. Terpak as attorney-in-fact, the debtor, by executing the power of attorney, ratified the appointment of Mr. Terpak as attorney-in-fact, for the purposes of confessing judgment against him.

With respect to the second contention made by the debtor, I find that it is based on a misreading of the applicable statutory requirements. Specifically, I find that Va. Code § 8.01–435 does not require the instrument creating the power of attorney be executed by the intended attorney-in-fact. *See Johnson v. Alvis*, 159 Va. 229, 233 (1932); *Bank of Chatham v. Arendall*, 178 Va. 183, 192 (1941).